1  Jerry L. Steering; SBN 122509
   Law Office of Jerry L. Steering
2  4063 Birch Street
   Suite 100
3  Newport Beach, CA 92660
   (949) 474-1849
4  (949) 474-1883 Fax
   e-mail: info@steeringlaw.com
5
   Carol E. Lavacot; SBN 101689
6  Law Offices of Carol E. Lavacot
   Irvine Center Towers
7  18500 Von Karman Avenue
   Suite 560
8  Irvine, CA, 92612
   e-mail: law@lavacot.com
9
   Attorneys for plaintiff Joshua Rashid Radwan
10

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13

14  JOSHUA RASHID RADWAN,          Case No.    **SACV08-00786 AG (ANx)**

15      Plaintiffs,                COMPLAINT FOR DAMAGES FOR
                                   VIOLATION OF FEDERAL
16      vs.                        CONSTITUTIONAL RIGHTS UNDER
                                   COLOR OF STATE LAW
17  COUNTY OF ORANGE, MICHAEL      (42 U.S.C. § 1983) RIGHT TO
    CARONA, JAMES FOUSTE, SEAN     FREEDOM FROM UNLAWFUL /
18  HILLIARD, MATTHEW PRINCE,      UNREASONABLE SEARCH AND
                                   SEIZURE OF PERSON, RIGHT TO
19  MARK KUNAR, MARK               FREEDOM FROM USE OF
    HERGESHEIMER, IRA ESSOE,       UNREASONABLE / EXCESSIVE
20  MICHAEL PADILLA, MANUEL        FORCE ON PERSON, RIGHT TO
                                   FREEDOM OF SPEECH / PETITION
    GARCIA, CYRIL FOSTER, THOMAS   GOVERNMENT FOR REDRESS OF
21  STREETER, DAVID HERNANDEZ,     GRIEVANCES, AND CALIFORNIA
                                   STATE LAW CLAIMS FOR FALSE
22  JARRETT KURIMAY and DOES 1     ARREST / FALSE IMPRISONMENT,
    through 10, inclusive,         BATTERY, ASSAULT,
23                                 INTENTIONAL INFLICTION OF
                                   EMOTIONAL DISTRESS,
24      Defendants.                NEGLIGENCE, NEGLIGENT
                                   INFLICTION OF EMOTIONAL
25                                 DISTRESS AND CAL. CIVIL CODE §
                                   52.1

COMPLAINT FOR DAMAGES

1

JURY TRIAL DEMANDED

COMES NOW plaintiff Joshua Rashid Radwan and shows this honorable court the following:

<u>JURISDICTIONAL ALLEGATIONS</u>

1.  As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. §1331.

2.  As the incidents complained of in this action occurred in the City of Laguna Niguel, County of Orange, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. §1391(b)(2).

3.  As the plaintiff's claims brought under California state law arise out of the same transactions and occurrences, and out of a common nucleus of operative facts as the plaintiff's federal questions claims, this court has jurisdiction over the plaintiffs' California State law claims under its supplemental claim jurisdiction, pursuant to *Mine Workers v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367.

<u>GENERAL ALLEGATIONS</u>

COMPLAINT FOR DAMAGES

2

4.  Plaintiff Joshua Rashid Radwan, hereinafter referred to as "RADWAN" or "plaintiff", is a natural person who at all times complained of herein, resided in the City of Laguna Hills, State of California.

5.  Defendant County of Orange, is a municipal entity, located within the State of California; within the territorial jurisdiction of this court.

6.  Defendant Michael Carona, hereinafter referred to as "CARONA", was at all time complained of in this action, the elected Sheriff of Orange County, California. At all times complained of herein, CARONA was acting pursuant to his authority as the elected Sheriff of Orange County, California, was the chief and final policy making official for the Orange County Sheriff's Department, and was acting in the course of and within the scope of his employment with the County of Orange.

7.  Defendant James Fouste, hereinafter referred to as "FOUSTE", is, and was at all times complained of in this action, a sworn deputy sheriff and a Patrol Sergeant with the Orange County Sheriff's Department. At all times complained of herein, FOUSTE was acting pursuant to his authority as a Patrol Sergeant with the Orange County Sheriff's

COMPLAINT FOR DAMAGES

Department, and was acting in the course of and within the scope of his employment with the County of Orange.

8.      Defendant Sean Hilliard, hereinafter referred to as "HILLIARD", is, and was at all times complained of in this action, a sworn deputy sheriff with the Orange County Sheriff's Department.  At all times complained of herein, HILLIARD was acting pursuant to his authority as a deputy sheriff with the Orange County Sheriff's Department, and was acting in the course of and within the scope of his employment with the County of Orange.

9.      Defendant Matthew Prince, hereinafter referred to as "PRINCE", is, and was at all times complained of in this action, a sworn deputy sheriff with the Orange County Sheriff's Department.  At all times complained of herein, PRINCE was acting pursuant to his authority as a deputy sheriff with the Orange County Sheriff's Department, and was acting in the course of and within the scope of his employment with the County of Orange.

10.     Defendant Mark Kunar, hereinafter referred to as "KUNAR", is, and was at all times complained of in this action, a sworn deputy sheriff with the Orange County Sheriff's Department.  At all times complained of herein, KUNAR was acting pursuant to his authority as

a sergeant with the Orange County Sheriff's Department, and was acting in the course of and within the scope of his employment with the County of Orange.

11.    Defendant Cyril Foster, hereinafter referred to as "FOSTER", is, and was at all times complained of in this action, a sworn deputy sheriff with the Orange County Sheriff's Department.  At all times complained of herein, FOSTER was acting pursuant to his authority as a sergeant with the Orange County Sheriff's Department, and was acting in the course of and within the scope of his employment with the County of Orange.

12.    Defendant David Hernandez, hereinafter referred to as "HERNANDEZ", is, and was at all times complained of in this action, a sworn deputy sheriff and/or special officer and/or custodial officer and/or jailers, and/or other type of jail / Sheriff's Department officer with the Orange County Sheriff's Department.  At all times complained of herein, HERNANDEZ was acting pursuant to his authority as a deputy sheriff and/or special officer and/or custodial officer and/or jailers, and/or other type of jail / Sheriff's Department officer with the Orange County Sheriff's Department, and was acting

in the course of and within the scope of his employment with the County of Orange.

13. Defendant Mark Hergesheimer, hereinafter referred to as "HERGESHEIMER", is, and was at all times complained of in this action, a sworn deputy sheriff with the Orange County Sheriff's Department. At all times complained of herein, HERGESHEIMER was acting pursuant to his authority as a deputy sheriff with the Orange County Sheriff's Department, and was acting in the course of and within the scope of his employment with the County of Orange.

14. Defendant Manuel Garcia, hereinafter referred to as "GARCIA", is, and was at all times complained of in this action, a sworn deputy sheriff and/or special officer and/or custodial officer and/or jailers, and/or other type of jail / Sheriff's Department officer with the Orange County Sheriff's Department.  At all times complained of herein, GARCIA was acting pursuant to his authority as a deputy sheriff and/or special officer and/or custodial officer and/or jailers, and/or other type of jail / Sheriff's Department officer with the Orange County Sheriff's Department, and was acting in the course of and within the scope of his employment with the County of Orange.

COMPLAINT FOR DAMAGES

15.     Defendant Ira Essoe, hereinafter referred to as "ESSOE", is, and was at all times complained of in this action, a sworn deputy sheriff and a Sergeant with the Orange County Sheriff's Department.  At all times complained of herein, ESSOE was acting pursuant to his authority as a Sergeant with the Orange County Sheriff's Department, and was acting in the course of and within the scope of his employment with the County of Orange.

16.     Defendant Michael Padilla, hereinafter referred to as "PADILLA", is, and was at all times complained of in this action, a sworn deputy sheriff and/or special officer and/or custodial officer and/or jailers, and/or other type of jail / Sheriff's Department officer with the Orange County Sheriff's Department. At all times complained of herein, PADILLA was acting pursuant to his authority as a deputy sheriff and/or special officer and/or custodial officer and/or jailers, and/or other type of jail / Sheriff's Department officer with the Orange County Sheriff's Department, and was acting in the course of and within the scope of his employment with the County of Orange.

17.     Defendant Thomas Streeter, hereinafter referred to as "STREETER", is, and was at all times complained of in this action, a sworn deputy sheriff and/or special officer and/or custodial officer and/or jailers,

and/or other type of jail / Sheriff's Department officer with the Orange County Sheriff's Department. At all times complained of herein, STREETER was acting pursuant to his authority as a deputy sheriff and/or special officer and/or custodial officer and/or jailers, and/or other type of jail / Sheriff's Department officer with the Orange County Sheriff's Department, and was acting in the course of and within the scope of his employment with the County of Orange.

18.   Defendant Jarrett Kurimay, hereinafter referred to as "KURIMAY", is, and was at all times complained of in this action, a sworn deputy sheriff and/or special officer and/or custodial officer and/or jailers, and/or other type of jail / Sheriff's Department officer with the Orange County Sheriff's Department. At all times complained of herein, KURIMAY was acting pursuant to his authority as a deputy sheriff and/or special officer and/or custodial officer and/or jailers, and/or other type of jail / Sheriff's Department officer with the Orange County Sheriff's Department, and was acting in the course of and within the scope of his employment with the County of Orange.

19.   Defendants DOES 1 through 6, inclusive, are sworn police officers or deputy sheriffs and/or special officer and/or custodial officer and/or jailers, and/or other type of jail / Sheriff's Department officer or

COMPLAINT FOR DAMAGES

8

official with the Orange County Sheriff's Department, who are in some substantial way liable and responsible for, or otherwise caused or participated in, or covered-up and/or concealed the actions complained of by the plaintiffs in this instant action. DOES 1 through 6, inclusive, are natural persons whose identities are presently unknown to plaintiffs, who, therefore, sue these persons by the fictitious name DOE.

20.   At all times complained of herein, DOES 1 through 6, inclusive, were acting pursuant to their authority as deputy sheriffs and/or special officers and/or custodial officer and/or jailers, and/or other type of jail / Sheriff's Department officer or official with the Orange County Sheriff's Department, and were acting in the course of and within the scope of their employment with the County of Orange. Plaintiffs will amend their complaint to show the true identities of DOES 1 through 6, inclusive, when they become aware of said identities.

21.   Defendants DOES 7 through 10, inclusive, are sworn deputy sheriffs and/or Sergeants and/or Lieutenants and/or Captains and/or Commanders and/or Assistant Sheriffs and/or some other type of peace officers / supervisory and/or policy making officials with the Orange County Sheriff's Department, who are in some substantial

COMPLAINT FOR DAMAGES

9

way liable and responsible for, or otherwise caused or participated in, the actions complained of by plaintiffs in this action. DOES 7 through 10, inclusive, are natural persons whose identities are presently unknown to plaintiffs, who, therefore, sue these persons by the fictitious name DOE.

22.   At all times complained of herein, DOES 7 through 10, inclusive, were acting pursuant to their authority as supervisory officers and policy making officials with the Orange County Sheriff's Department, and were acting in the course of and within the scope of their employment with the Orange County Sheriff's Department. Plaintiff will amend his complaint to show the true identities of DOES 7 through 10, inclusive, when they become aware of said identities.

23.   At all times complained of herein, defendants CARONA, FOUSTE, HILLIARD, PRINCE, KUNAR, HERGESHEIMER, ESSOE, PADILLA, GARCIA, FOSTER, STREETER, HERNANDEZ, KURIMAY and DOES 1 through 10, inclusive, were individual persons acting under the color of state law; under and pursuant to their status and authority as sworn deputy sheriffs and/or custodial officers / deputies and/or jailers and/or jail deputies/officers and/or Sergeants and/or Lieutenants and/or Captains and/or Commanders and/or

COMPLAINT FOR DAMAGES
10

Assistant Sheriffs and/or the Sheriff of Orange County, and/or some other type of peace officers / supervisory and/or policy making officials with the Orange County Sheriff's Department and/or some other person acting under the color of state law.

24.     Moreover, at all times complained of herein, CARONA, FOUSTE, HILLIARD, PRINCE, KUNAR, HERGESHEIMER, ESSOE, PADILLA, GARCIA, FOSTER, STREETER, HERNANDEZ, KURIMAY and DOES 1 through 10, inclusive, created, helped create, or were otherwise acting pursuant to, the customs, policies, usages and practices of the Orange County Sheriff's Department; for, *inter alia*: 1) unlawfully and unreasonably seizing persons; 2) for using unreasonable / excessive force on persons; 3) framing / attempting to frame persons for crimes that they did not commit, 4) for failing to intervene and stop other deputies / jailers / officers from unlawful seizing persons and using unreasonable force upon them, 5) for terrorizing persons into refraining from exercising their first amendment rights to free speech and to petition the government for redress of grievances, and 6) for threatening to use unreasonable force on persons, when to do so would be unreasonable and unlawful.

COMPLAINT FOR DAMAGES

25.    Moreover, CARONA, as the chief and final policymaking official for the Orange County Sheriff's Department, is liable to the plaintiff for the acts of the other defendants to this action that were taken against the plaintiff, as he established, via ratification, cover-up or otherwise, policies (*de facto*, if not actual) and practices of the Orange County Sheriff's Department for, *inter alia*: 1) unlawfully and unreasonably seizing persons[1]; 2) for using unreasonable / excessive force on persons; 3) framing / attempting to frame persons for crimes that they did not commit, 4) for failing to intervene and stop other deputies / jailers / officers from unlawful seizing persons and using unreasonable force upon them, 5) for terrorizing persons into refraining from exercising their first amendment rights to free speech and to petition the government for redress of grievances, 6) for threatening to use unreasonable force on persons, when to do so would be unreasonable and unlawful, and 7) for creating and maintaining a protocol for uncuffing, searching and placing persons in cells at the Orange County Jail that provides for and includes restraint, pressure and the cruel, sadistic and unnecessary and unreasonable

---

[1] And/or permitting the use of unreasonable force upon person, and otherwise depriving persons of their state and federal constitutional rights.

COMPLAINT FOR DAMAGES

12

infliction of pain on such persons being incarcerated, and includes the threatened use of the taser device for a mere failure to follow commands by deputies and supervisors at the Orange County Jail; something amounting to the criminal and tortious application of corporal punishment; a crime under California law under Cal. Penal Code § 673.

26.     In addition, defendant County of Orange is liable for plaintiffs' injuries in this action, because it created a *de facto* policy of its deputy sheriffs and supervisors: 1) using unreasonable and excessive force on persons[2], 2) unlawfully seizing persons, 3) framing persons for crimes that they did not commit (to protect themselves from civil and/or criminal liability), 4) failing to intervene to stop unlawful seizures of persons and to stop the use of unreasonable force on persons, and 5) covering-up misconduct by deputy sheriffs against private persons, 6) for threatening to use unreasonable force on persons, when to do so would be unreasonable and unlawful, and 7) for creating and maintaining a protocol for uncuffing, searching and placing persons in cells at the Orange County Jail that provides for and includes restraint,

---

[2] And/or permitting the use of unreasonable force upon person, and otherwise depriving persons of their state and federal constitutional rights.

COMPLAINT FOR DAMAGES

13

pressure and the cruel, sadistic and unnecessary and unreasonable infliction of pain on such persons being incarcerated, and includes the threatened use of the taser device for a mere failure to follow commands by deputies and supervisors at the Orange County Jail; something amounting to the criminal and tortious application of corporal punishment; a crime under California law under Cal. Penal Code § 673.

27.   In addition to the above and foregoing, all of the individually named defendants to this action, including said DOE defendants, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme, to deprive plaintiffs of their constitutional rights as described below, and acted in joint and concerted action to so deprive the plaintiffs of their constitutional rights as set forth below; all in violation of the United States Constitution and 42 U.S.C. § 1983, and otherwise in violation of California state constitutional and statutory law.

28.   Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a legal cause of the violation of the plaintiffs' constitutional rights and damages emanating therefrom, as set forth below.

COMPLAINT FOR DAMAGES
14

29.     Plaintiff timely filed his claims against the County of Orange pursuant to the California Government Claims Act, Cal. Gov't Code § 900 *et seq.*, and said claims were denied, less than six months prior to termination of the criminal action based on the same incident complained of in this action, *People of the State of California v. Joshua Rashid Radwan*, Orange County, California, Superior Court Case Number, 07SM00978, that was filed prior to the filing of plaintiff's government tort claims, and that was dismissed on January 18, 2008; less than six months prior to the filing of this instant action.

<u>FIRST CAUSE OF ACTION</u>
<u>VIOLATION OF 42 U.S.C. § 1983</u>

Violation Of Fourth Amendment Rights - Unlawful Search And Seizure Of Person (Against Defendants COUNTY OF ORANGE, CARONA, FOUSTE, HILLIARD, PRINCE, KUNAR, HERGESHEIMER and DOES 1 to 3, inclusive)

30.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 29, inclusive, above, as if set forth in full herein.

31.     At approximately 9:33 p.m. on December 23, 2006, Orange County Sheriff's Department Deputy Sheriffs Sergeant FOUSTE, Deputy Sheriff PRINCE, Deputy Sheriff HILLIARD, Deputy Sheriff KUNAR, Deputy Sheriff HERGESHEIMER and DOES 1 to 3,

COMPLAINT FOR DAMAGES
15

accosted the plaintiff at / near the intersection of Paseo De Colinas and Golden Lantern in Laguna Hills, Orange County, California.

32.  Apparently an informant witnessed two individuals in what appeared to be an argument outside of a parked vehicle, and had called "911" to the Orange County Sheriff's Department to report the same.

33.  When defendants arrived at the scene (the intersection Paseo De Colinas) plaintiff and his girlfriend were stopped, and she was crying[3].

34.  They were parked not on the road but in a driveway in front of an Adult Education School[4].

35.  Plaintiff's girlfriend, Cassandra Fults ("FULTS"), was sitting down on the ground and plaintiff was standing up.   FOUSTE HILLIARD, PRINCE, KUNAR, HERGESHEIMER and DOES 1 to 3, inclusive, made contact with plaintiff and FULTS.

36.  Plaintiff and FULTS were both asked by said defendants if there was a physical altercation that took place and both persons responded "No".  Plaintiff then said "You can check underneath her clothes for red marks if you need to".

---

[3] Both Plaintiff and Ms. Fults were on their way back from Christmas shopping.

COMPLAINT FOR DAMAGES

16

37.   Said defendants then told plaintiff "Well we are gonna separate you two and get your stories."

38.   Defendants told plaintiff to put his hands behind his back and said defendants, especially FOUSTE, proceeded to perform a full-blown search of the plaintiff's person while holding his hands locked behind him; notwithstanding the lack of any reasonable suspicion of criminality afoot by defendants of plaintiff, and notwithstanding the lack of any reasonable suspicion that the plaintiff may be armed and/or dangerous.

39.   Said full-blown search of the plaintiff included said defendants, especially FOUSTE, emptying-out plaintiff's pockets and searching through the various items found on plaintiff's person, including plaintiff's California driver's license and other items identifying plaintiff as Joshua Rashid Radwan.

40.   Defendants found pepper spray on him and a small amount (according to defendants, a "teaspoon" amount) of marijuana.

41.   Defendants asked plaintiff why he carried pepper spray.

---

[4] Near the intersection of Paseo De Colinas and Golden Lantern in Laguna Niguel, California.

COMPLAINT FOR DAMAGES

42.  Plaintiff told them that he carried it for "self-defense" purposes, as his life really had recently been threatened.

43.  At that point, plaintiff was handcuffed and was put in the back of an Orange County Sheriff's Department patrol car, and his girlfriend, FULTS, was also unlawfully then seized by defendants.

44.  Soon thereafter, defendants opened the patrol car's door and told plaintiff that he was going get an infraction ticket for the marijuana and he was going to get to leave.

45.  Said defendants then searched plaintiff's vehicle, whereupon they then found three knives (all of which "Iraqi Freedom" knives, and all which were legal), and asked plaintiff what the knives for.

46.  Plaintiff told them "I collect them and I just bought 2 of the 3 for Christmas presents."

47.  Plaintiff had other Christmas gifts in the vehicle because he and FULTS had just done some Christmas shopping[5].

48.  After some time, said defendants then released FULTS and left her to walk home.

49.  Said defendants would not let her drive plaintiff's vehicle home.

---

[5] Said defendants even searched through the Christmas presents that plaintiff and FULTS had just purchased.

COMPLAINT FOR DAMAGES

18

50.     Apparently while plaintiff's vehicle was being searched by defendants, the defendants "ran"[6] his name and found that he was free on bail for a pending case (Orange County Superior Court Case Number 06SF0400); a case that was subsequently dismissed[7].

51.     As a result of this subsequent charge, a court ordered Protective Order was filed that prevented plaintiff from owning / possessing a firearm[8], but not any other weapons.

52.     Defendants then arrested plaintiff, without probable cause to believe that he had committed a crime that he could be arrested for, for violation of the Court Issued Restraining Order (violation of Cal. Penal Code § 166(a)(4); notwithstanding the fact that the CLETS message that was sent to defendants when they "ran" the plaintiff, stated about the protective order: "*Do not search, detain, or arrest based solely on this record*", notwithstanding the fact that said

---

[6] "Ran" a records check via the California Law Enforcement Telecommunications System.

[7] Save plaintiff's plea in that action to misdemeanor possession of nunchakus; violation of Cal. Penal Code § 12020(a)(1).

[8] A standard Protective Order in Criminal Proceeding (CLETS) form CR-160.  Part 3(b) states that the individual "*must surrender to local law enforcement or sell to a licensed gun dealer any firearm owned or subject to his or her immediate possession or control within*" and the box (1) is checked indicating that "*within 24 hours after issuance of this order (if restrained person is present at hearing)*.  No where on that form were the words "any other weapons".

COMPLAINT FOR DAMAGES

19

protective order only notified the plaintiff to surrender to law enforcement officials any firearms in his possession or control (any of his "firearms"), and never mention any prohibition against possession any non-firearm type of weapon, and notwithstanding the fact that defendants had no authority under California law to have arrested the plaintiff for violation of Cal. H & S Code § 11357(b)[9].

53.     Pursuant to said defendants' unlawful arrest of the plaintiff, plaintiff was handcuffed and was placed in the back seat of one of defendants' Orange County Sheriff's Department patrol cars.

54.     After some substantial period of time had passed, said defendants pulled plaintiff out of the patrol car, and faced him against the passenger rear door.

55.     Defendants then attached leg restraints onto the plaintiff[10].

56.     At that point, defendants started kicking the chain on the leg cuffs, sadistically causing plaintiff unnecessary physical injury and pain and suffering.  Moreover, the leg cuffs were applied way too tight, and

---

[9] Cal. H & S Code § 11357(b) provides in pertinent part:
". . . In any case in which a person is arrested for a violation of this subdivision and does not demand to be taken before a magistrate, such person shall be released by the arresting officer upon presentation of satisfactory evidence of identity and giving his written promise to appear in court, as provided in Section 853.6 of the Penal Code, and shall not be subjected to booking."

COMPLAINT FOR DAMAGES

20

plaintiff pleaded with the defendants to loosen the leg cuffs, as they were hurting him badly and were injuring his ankles.

57.    Instead of loosening the handcuffs and the leg cuffs, defendants then punched plaintiff in the back of the head multiple times, and slammed plaintiff's face into the hood of the patrol, car breaking his glasses and causing a laceration over the bridge of his nose.

58.    Plaintiff was not resisting or fighting said defendants, and he did not understand what had or was provoking or otherwise causing said defendants to use unnecessary, unreasonable and unlawful force upon him.

59.    Defendants then threw plaintiff to the ground in an unreasonable, unnecessary and brutal manner.

60.    Even though plaintiff was stunned and rendered harmless (and injured) by being brutalized by said defendants and by being restrained by the use of police handcuffs and leg restraints, defendants then sadistically and unreasonably tased plaintiff in his left thigh[11]. Plaintiff quickly became unconscious from this brutal, outrageous and shocking treatment of him by defendants.

---

[10] He was already handcuffed when they put him in the back of the police car.

COMPLAINT FOR DAMAGES

61. When plaintiff then woke up, said defendant deputies had a hold of each of plaintiff's arms and legs, and brutally and sadistically rammed him into the side of the patrol car; again causing the plaintiff to suffer substantial personal injuries, along with physical, mental and emotional pain and suffering.

62. Defendants then threw plaintiff into the back seat area of an Orange County Sheriff's Department patrol car, and plaintiff was finally transported to the Orange County Jail in the very late hours of December 23, 2006.

63. In addition to the above and foregoing, on March 5, 2007, the Orange County, California, District Attorney's Office filed a criminal misdemeanor action against the plaintiff for violations of Cal. Penal Code § 148(a)(1) (resisting / obstructing / delaying a peace officer) and Cal. H & S Code § 11357(b) (possession of less than one ounce of marijuana); *People of the State of California v. Joshua Rashid Radwan*; South – Orange County Superior Court Case Number 07SM00978.

---

[11] Plaintiff was tased 5 to 6 separate times, all while being restrained with handcuffs and leg restraints.

COMPLAINT FOR DAMAGES

64.   The Orange County Superior Court dismissed said misdemeanor court for violation of Cal. Penal Code § 148(a)(1) on January 18, 2008, terminating that misdemeanor action.[12]

65.   The Orange County, California, District Attorney's Office only filed said criminal count for violation of Cal. Penal Code § 148(a)(1) in reliance on the knowingly falsely made statements of material facts contained in defendants' crime reports and jail incident reports, that were made pursuant to a criminal conspiracy by defendants to "frame" the plaintiff for violation of Cal. Penal Code § 148(a)(1), in order to attempt to shield / protect themselves from civil liability to the plaintiff (via collateral estoppel / res judicata), and from discipline by the Orange County Sheriff's Department, for their criminal and tortious actions complained of above and below.

66.   But for said defendants' knowingly falsely made material statements of fact contained in defendants' crime reports and jail incident reports, that were made pursuant to a criminal conspiracy by defendants to "frame" the plaintiff for violation of Cal. Penal Code § 148(a)(1), the Orange County District Attorney's Office would not have filed said

---

[12] Plaintiff pleaded to said marijuana possession count on that date.

COMPLAINT FOR DAMAGES

23

above-referenced criminal misdemeanor action against the plaintiff; at least not that court for violation of Cal. Penal Code § 148(a)(1).

67. Accordingly, the Orange County District Attorney's Office would not have filed said above-referenced criminal misdemeanor action against the plaintiff, but for the material misrepresentations of fact contained in the various police reports and in the probable cause declaration for the plaintiff's warrantless arrest.

68. Accordingly, the Orange County District Attorney's Office failed to use their / its independent judgment in deciding to file said misdemeanor count for violation of Cal. Penal Code § 148(a)(1).

69. Said actions by said defendants constituted a violation of plaintiff's fourth amendment[13] rights to be free from the unlawful search and seizure of his person by a peace officer, in the absence of reasonable suspicion of criminality afoot, in the absence of reasonable suspicion that plaintiff was either armed or dangerous, and in the absence of probable cause to believe that plaintiff committed a crime; especially a crime that defendant could not be arrested for under California law.

70. Said actions by defendants caused him to suffer severe personal injuries, physical, mental and emotional pain, suffering and distress,

COMPLAINT FOR DAMAGES
24

bail costs, attorney's fees, and medical and psychological costs and expenses.

71. Said unlawful and unreasonable search and seizure of the plaintiff caused plaintiff to suffer substantial personal injuries, physical, mental and emotional pain and suffering and distress, as well as the filing of said criminal misdemeanor action for violation of Cal. Penal Code § 148(a)(1); all in an amount to be proven at trial in excess of $7,000,000.00.

72. Said actions by said defendants were done maliciously and in reckless disregard of the plaintiff's constitutional rights; sufficient for an award of punitive / exemplary damages in favor of plaintiff and against the defendants in an amount in excess of $3,000,000.00.

<u>SECOND CAUSE OF ACTION</u>
<u>VIOLATION OF 42 U.S.C. § 1983</u>

Violation Of Fourth Amendment Rights – Unlawful, Unreasonable And Excessive Force Upon Person
(Against Defendants COUNTY OF ORANGE, CARONA, FOUSTE, HILLIARD, PRINCE, KUNAR, HERGESHEIMER, ESSOE, PADILLA, GARCIA, FOSTER, STREETER, HERNANDEZ, KURIMAY and DOES 1 to 3, inclusive)

---

[13] U.S. Const. Amend. 4.

COMPLAINT FOR DAMAGES

73.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 72, inclusive, above, as if set forth in full herein.

74.     In addition to the above and foregoing, enroute to the Orange County Jail, the transporting defendant deputy sheriff(s) falsely and maliciously announced on his Sheriff's Department radio that he was transporting an "uncooperative"; something that was untrue, and something that was said in response to and in retaliation for plaintiff protesting to and complaining to said transporting defendant deputies about his treatment by all of said deputies.

75.     Said transporting defendant deputy(ies) also still refused to loosen plaintiffs handcuffs and leg cuffs; notwithstanding plaintiff's continued complaints of severe pain and injury from the cuffs.

76.     Plaintiff arrived at the Orange County Jail shortly after midnight on December 24, 2006.

77.     After said defendants arrived at the "Sallie Port" area of the Orange County Jail, Intake / Release Center, in the transport patrol car containing the plaintiff, defendants PADILLA, HERGESHEIMER and DOES 4 to 5, inclusive, as well as other named defendants to this

COMPLAINT FOR DAMAGES

action, continued to ignore plaintiff's continued complaints of severe pain and injury from the cuffs, and ordered him to exit the police car.

78.   Plaintiff attempted to do so, but he could not, as the leg cuffs were still causing him to suffer excruciating pain and injury to his ankles / legs.

79.   When said defendants continue to order plaintiff to walk inside of the door at the "Sallie Port" area of the Orange County Jail, Intake / Release Center, he continued to scream out in agony, as the leg cuffs were still severely injuring him.

80.   Ultimately, said defendants carried plaintiff into the jail in leg cuffs and handcuffs, and took plaintiff to the Medical Triage Desk, to be medically cleared for booking.

81.   At the Medical Triage Desk, plaintiff was still screaming out in pain; complaining that his leg cuffs were hurting him terribly, and again, notwithstanding plaintiffs' pleas for mercy and for the defendants to loosen his leg cuffs, defendants maliciously and sadistically stood on the leg cuff chain, made derogatory comments about the plaintiff, and refused to loosen the leg cuffs. Moreover, at the Triage Desk, plaintiff continued to complain to defendants and other jail staff about his mistreatment by those defendants and by the others.

82.   Thereafter, defendants, including defendants HERGESHEIMER, ESSOE, PADILLA, GARCIA, FOSTER, STREETER, HERNANDEZ and  KURIMAY, attempted to have plaintiff walk to the uncuff area of the Intake / Release Center, and plaintiff still could not walk (as the pain was too great), and proceeded to fall to the floor.

83.   Said defendants then picked plaintiff up by his arms and by the chain for his leg cuffs, and carried him through the booking loop area, into one of the medical observation cells; still handcuffed and leg cuffed, and still in great pain and agony, that was obvious to said defendants.

84.    Said defendants then carried plaintiff into said medical observation cell; still handcuffed and leg cuffed, and still in great pain and agony.

85.   Said defendants then dropped plaintiff on the cement floor of the jail cell, stepped and kneeled on plaintiff's head and on his back, put their body weight down onto plaintiff's legs that were folded forward by said defendants, and twisted plaintiff's arms up behind him in a very painful way, all while they were removing the cuffs and placing plaintiff's hands underneath his body; all of which caused the plaintiff to suffer substantial personal injury, and great / severe physical, mental and emotional pain and suffering.

86.   Said defendants also had the taser gun pointing right at plaintiff's back during this process in the jail cell, with defendants warning him if he didn't do what they told him to do that he would be "shot"[14].

87.   Also during this process in said Medical Observation jail cell, defendants had plaintiff's arm twisted so badly that plaintiff thought it was gonna break; also causing plaintiff severe personal injury, and extreme physical, mental and emotional pain and suffering.

88.   In addition, the manner in which said defendants restrained and threatened plaintiff on the floor of the medical observation cell was brutal, unreasonable, and served no legitimate penological purposed.

89.   Plaintiff was finally left alone by said defendants in said medical observation cell for a long period of time, with only the cement floor and walls, a toilet and a sink in said cell.

90.   Plaintiff remained incarcerated in the Orange County Jail until he was ultimately released on bail on December 24, 2006.

91.   Said actions by defendants caused him to suffer severe personal injuries, physical, mental and emotional pain, suffering and distress,

_____

[14] Which probably referred to being shot by the taser device, but which, under the circumstances have been interpreted to mean being shot by a firearm, like a pistol or revolver.

COMPLAINT FOR DAMAGES

bail costs, attorney's fees,  and medical and psychological costs and expenses.

92.   Said actions by said defendants constituted a violation of plaintiff's fourth amendment[15] rights to be free from the use of unreasonable / excessive force on his person, and to be free from the threatened use of unreasonable / excessive force on his person.

93.   Said use of unreasonable / excessive force on plaintiff's person by FOUSTE, HILLIARD, PRINCE, KUNAR, HERGESHEIMER, ESSOE, PADILLA, GARCIA, FOSTER, STREETER, HERNANDEZ, KURIMAY and DOES 1 to 5, inclusive, caused plaintiff to suffer substantial personal injuries, and physical, mental and emotional pain and suffering and distress, as well as the filing of said criminal misdemeanor action for violation of Cal. Penal Code § 148(a)(1); all in an amount to be proven at trial in excess of $7,000,000.00.

94.   Said actions by said defendants were done maliciously and in reckless disregard of the plaintiff's constitutional rights; sufficient for an award of punitive / exemplary damages in favor of plaintiff and against the defendants in an amount in excess of $3,000,000.00.

COMPLAINT FOR DAMAGES
30

### THIRD CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
Violation Of First Amendment Rights
Violation Of Right To Freedom Of Speech Right To Petition Government For
Redress Of Grievances
(Against all defendants)

95.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 94, inclusive, above, as if set forth in full herein.

96.     As described above, throughout the entirety of the series of events involving plaintiff's seizure, arrest and incarceration at the Orange County Jail, from the late evening hours of December 23, 2006 through December 24, 2006, plaintiff complained to and protested to defendants and to others present regarding defendants unlawful, violent, offensive and otherwise outrageous treatment of him.

97.     In response to and in retaliation for plaintiff's complaints to and protests to defendants regarding their unlawful, violent, offensive and otherwise outrageous treatment of him, defendants abused the plaintiff; including using unreasonable force on him, searching him, unlawfully seizing him, humiliating and degrading him and otherwise

---

[15] U.S. Const. Amend. 4.

COMPLAINT FOR DAMAGES

treating the plaintiff in an outrageous manner, such as stripping him to his underwear.

98.   In addition, a substantial or motivating factor in the decision of said defendants to take such unlawful and outrageous actions against the plaintiff was plaintiff's exercise constitutionally protected free speech and his right to petition the government for redress of grievances.

99.   Said actions by defendants caused him to suffer severe personal injuries, physical, mental and emotional pain, suffering and distress, bail costs, attorney's fees, and medical and psychological costs and expenses.

100.   Said actions by said defendants constituted a violation of plaintiff's first amendment[16] rights to freedom of speech and to petition the government for redress of grievances.

101.   Said violation of the plaintiff's first amendment rights by FOUSTE, HILLIARD, PRINCE, KUNAR, HERGESHEIMER, ESSOE, PADILLA, GARCIA, FOSTER, STREETER, HERNANDEZ, KURIMAY and DOES 1 to 5, inclusive, caused plaintiff to suffer substantial personal injuries, and physical, mental and emotional pain and suffering and distress, as well as the filing of said criminal

misdemeanor action for violation of Cal. Penal Code § 148(a)(1); all in an amount to be proven at trial in excess of $7,000,000.00.

102.   Said actions by said defendants were done maliciously and in reckless disregard of the plaintiff's constitutional rights; sufficient for an award of punitive / exemplary damages in favor of plaintiff and against the defendants in an amount in excess of $3,000,000.00.

<u>FOURTH CAUSE OF ACTION</u>
<u>VIOLATION OF 42 U.S.C. § 1983</u>
Violation Of Fourth Amendment Rights – Bystander Liability
(Against all defendants)

103.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 102, inclusive, above, as if set forth in full herein.

104.   Throughout the above-described series of events from plaintiff initially being accosted and seized by defendants in Laguna Niguel, California, to plaintiff being brutalized and electrocuted at that location, to plaintiff being arrested and transported to jail, to plaintiff being triaged and taken to a medical observation jail cell where he was further brutalized, each of the defendants had notice of the outrageous and obviously brutal and otherwise unlawful treatment of

---

[16] U.S. Const. Amend. 1.

COMPLAINT FOR DAMAGES

the plaintiff by said other defendants, had an opportunity to and the ability to intervene to have stopped the outrages perpetrated against the plaintiff described above, and yet failed to do so.

105. This failure by defendants to so intervene makes them liable to the plaintiff via 42 U.S.C. § 1983 for the various unlawful and outrageous acts of violence (unreasonable force) and unlawful seizure (unlawful detention, search and arrest) that were committed against the plaintiff,

106. Said violation of the plaintiff's rights (via bystander liability) by FOUSTE, HILLIARD, PRINCE, KUNAR, HERGESHEIMER, ESSOE, PADILLA, GARCIA, FOSTER, STREETER, HERNANDEZ, KURIMAY and DOES 1 to 10, inclusive, caused plaintiff to suffer substantial personal injuries, and physical, mental and emotional pain and suffering and distress, as well as the filing of said criminal misdemeanor action for violation of Cal. Penal Code § 148(a)(1); all in an amount to be proven at trial in excess of $7,000,000.00.

107. Said actions by said defendants were done maliciously and in reckless disregard of the plaintiff's constitutional rights; sufficient for an award of punitive / exemplary damages in favor of plaintiff and against the defendants in an amount in excess of $3,000,000.00.

<u>FIFTH CAUSE OF ACTION</u>
<u>VIOLATION OF 42 U.S.C. § 1983</u>
Violation Of First And Fourth Amendment Rights – Supervisor Liability
(Against defendants James Fouste and Ira Essoe and DOES 7 and 8)

108. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 107, inclusive, above, as if set forth in full herein.

109. As set forth above, defendants FOUSTE and ESSOE and DOES 7 and 8 were Sergeants with the Orange County Sheriff's Department at all times complained of in this action.

110. As set forth above, FOUSTE was the Sergeant present at the scene of the incident complained of (in Laguna Niguel at Paseo De Colinas and Golden Lantern) involving the seizure and use of force upon the plaintiff.

111. Also as set forth above, FOUSTE was involved in the seizure, search and use of unreasonable force on the plaintiff, as described above.

112. FOUSTE not only participated in the unlawful and unreasonable seizure of and use of force upon the plaintiff at the scene in Laguna Niguel, but also directed (expressly and/or implicitly) said other defendants to join him in committing said federal and state constitutional (and state law statutory and common-law) violations of the plaintiff's rights.

COMPLAINT FOR DAMAGES

113.  Moreover, by his actions, FOUSTE set in motion a series of acts by his defendant subordinates that he knew or reasonably should have known would cause said  defendant subordinates to deprive the plaintiff of his federal and state constitutional (and state law statutory and common-law) rights, as described above.

114.  Moreover, FOUSTE knew, or reasonably should have known, that his defendant subordinates were engaging in these unlawful and unconstitutional acts against the plaintiff and FULTS, above-referenced, and failed to intervene and stop said unlawful actions against the plaintiff.

115.  In the same way, ESSOE was a Sergeant with the Orange County Sheriff's Department at the Orange County Jail, who was present at the Orange County Jail and in proximity to the plaintiff at that location during those times and those events complained of by plaintiff regarding his treatment at the Orange County Jail; described above.

116.  Not only were the violation of plaintiff's federal and state constitutional, statutory and common-law rights done in ESSOE'S presence, but ESSOE, either expressly or implicitly directed his

COMPLAINT FOR DAMAGES
36

subordinate defendant deputies / custodial officers to so violate said rights of the plaintiff.

117.  Moreover, by his actions, ESSOE set in motion a series of acts by his defendant subordinates that he knew or reasonably should have known would cause said defendant subordinates to deprive the plaintiff of his federal and state constitutional (and state law statutory and common-law) rights, as described above.

118.  Moreover, ESSOE knew, or reasonably should have known, that his defendant subordinates were engaging in these unlawful and unconstitutional acts against the plaintiff at the Orange County Jail, above-referenced, and failed to intervene and stop said unlawful actions against the plaintiff.

119.  Accordingly, FOUSTE and ESSOE and DOES 1 to 8, inclusive, are liable to plaintiff for the violation of his federal and state constitutional (and state law statutory and common-law) rights, as described above, pursuant to 42 U.S.C. § 1983.

120.  Said violation of the plaintiff's rights (via bystander liability) by FOUSTE, ESSOE and DOES 1 to 8, inclusive, caused plaintiff to suffer substantial personal injuries, and physical, mental and emotional pain and suffering and distress, as well as the filing of said

COMPLAINT FOR DAMAGES

criminal misdemeanor action for violation of Cal. Penal Code § 148(a)(1); all in an amount to be proven at trial in excess of $7,000,000.00.

121. Said actions by said defendants were done maliciously and in reckless disregard of the plaintiff's constitutional rights; sufficient for an award of punitive / exemplary damages in favor of plaintiff and against the defendants in an amount in excess of $3,000,000.00.

<u>SIXTH CAUSE OF ACTION</u>
<u>VIOLATION OF 42 U.S.C. § 1983</u>
Violation Of Fourth Amendment Rights – Failure To Discipline
And Properly Train
(Against defendants County of Orange, CARONA and DOES 9 to 10, inclusive)

122. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 121, inclusive, above, as if set forth in full herein.

123. Defendant CARONA, DOES 9 to 10, inclusive and the Orange County Sheriff's Department, especially the professional standards division, and the Command Staff at the Orange County Sheriff's Department knew that the defendants to this action, especially FOUSTE, were dishonest persons who were not to be trusted with the powers of a certified California Peace Officer.

COMPLAINT FOR DAMAGES
38

124.   Defendants CARONA and DOES 9 to 10, inclusive, and the Orange County Sheriff's Department, especially the professional standards division, and the Command Staff at the Orange County Sheriff's Department knew that the defendants to this action, especially FOUSTE, had knowingly, intentionally and maliciously had authored materially false and misleading crime reports, had previously attempted to frame an innocent man, had engaged in a cover-up regarding the destruction of exculpatory evidence, and had used unreasonable force on persons; literally torturing them.

125.   Notwithstanding this knowledge that FOUSTE and the other defendants were dishonest persons who were not to be trusted with the powers of a certified California Peace Officer, CARONA and the Orange County Sheriff's Department failed to discipline any of said defendants, and even promoted FOUSTE to the rank of Sergeant after covering-up for the Orange County Sheriff's Department regarding the actions of George Kluchonic.

126.   This failure to  discipline said defendants was a ratification of their unlawful conduct, and now subjects defendant County of Orange for liability to the plaintiff for his injuries and damages in this action; above-described.

COMPLAINT FOR DAMAGES

127.  Said actions / omissions by defendants DOES 9 and 10, CARONA and the County of Orange caused plaintiff to suffer substantial personal injuries, and physical, mental and emotional pain and suffering and distress, as well as the filing of said criminal misdemeanor action for violation of Cal. Penal Code § 148(a)(1); all in an amount to be proven at trial in excess of $7,000,000.00.

128.  Said actions by said defendants were done maliciously and in reckless disregard of the plaintiff's constitutional rights; sufficient for an award of punitive / exemplary damages in favor of plaintiff and against the defendants in an amount in excess of $3,000,000.00.

### SEVENTH CAUSE OF ACTION
False Arrest / False Imprisonment
Under California State Law
(Against all defendants)

129.  Plaintiff hereby realleges and incorporate by reference the allegations set forth in paragraphs 1 through 128, inclusive, above, as if set forth in full herein.

130.  As described above, none of the defendants to this action had either reasonable suspicion of criminality afoot by plaintiff or probable cause to believe that plaintiff had committed a crime.

COMPLAINT FOR DAMAGES
40

131.   Moreover, defendants had no authority under California law to have arrested the plaintiff for violation of Cal. H & S Code § 11357(b)[17].

132.   Moreover, as described above, plaintiff was brutally beaten, handcuffed and arrested, tased and was taken to the Orange County Jail by said defendants.

133.   None of the defendants to this action had either reasonable suspicion of criminality afoot by plaintiff or probable cause to believe that plaintiff had committed a crime.

134.   Said defendants restrained and deprived plaintiff of his liberty.

135.   Said defendants intentionally deprived plaintiff of his freedom of movement by use of physical force.

136.   Plaintiff did not consent to said deprivation of his freedom of movement.

137.   Plaintiff suffered harm because of said deprivation of his freedom of movement.

---

[17] Cal. H & S Code § 11357(b) provides in pertinent part:
". . . In any case in which a person is arrested for a violation of this subdivision and does not demand to be taken before a magistrate, such person shall be released by the arresting officer upon presentation of satisfactory evidence of identity and giving his written promise to appear in court, as provided in Section 853.6 of the Penal Code, and shall not be subjected to booking."

COMPLAINT FOR DAMAGES

41

138. The actions by said defendants, described above, constituted a false arrest / false imprisonment of plaintiffs under California state law.

139. Defendants are liable to plaintiffs for said false arrest / false imprisonment, pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.2, 820.8, and otherwise pursuant to the common law.

140. The actions by said defendants, above-described, caused or was a substantial factor in causing plaintiffs to suffer substantial physical injuries, severe mental and emotional distress and suffering, medical / psychological bills, costs and expenses, bail costs, attorney's fees and expenses, bail costs and other costs and expenses, in an amount to be shown at trial, in excess of $7,000,000.00.

141. The actions by said defendants were done maliciously and oppressively, and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants in an amount to be shown at trial, in excess of $3,000,000.00.

<u>EIGHTH CAUSE OF ACTION</u>
Battery
Under California State Law
(Against all defendants)

142. Plaintiff hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 141, inclusive, above, as if set forth in full herein.

COMPLAINT FOR DAMAGES
42

143.  As described above, defendants brutally beat, tased, tortured (via the leg cuffs, handcuffs and otherwise) the plaintiff, without any legal or moral justification for said mistreatment of the plaintiff.

144.  Plaintiff did not consent to any of this morally opprobrious, unlawful, offensive and injurious conduct by defendants; above-described.

145.  Defendants are liable to plaintiff for said battery of him, pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.8, and otherwise pursuant to the common law.

146.  The actions by said defendants, above-described, caused plaintiff to suffer substantial physical injures, severe mental and emotional distress and suffering, medical / psychological bills, costs and expenses, attorney's fees, bail costs and other costs and expenses, in an amount to be shown at trial, in excess of $7,000,000.00.

147.  The actions by said defendants were done maliciously and oppressively, and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against defendants in an amount to be shown at trial, in excess of $3,000,000.00.

<u>NINTH CAUSE OF ACTION</u>
Assault
Under California State Law
(Against all defendants)

COMPLAINT FOR DAMAGES
43

148.   Plaintiff hereby realleges and incorporate by reference the allegations set forth in paragraphs 1 through 147, inclusive, above, as if set forth in full herein.

149.   The intentional actions by defendants (at the scene), described above, made plaintiff reasonably believe, put plaintiff in reasonable fear and apprehension, that he was about to be touched in a harmful or offensive manner; that said defendants were going to perpetrate an immediate and violent personal injury upon him.

150.   These intentional actions by said defendants put plaintiff in reasonable fear and apprehension, that he was about to be touched in a harmful or offensive manner; that defendants were going to perpetrate an immediate and violent personal injury upon him.

151.   The actions by defendants constituted an assault of the plaintiff under California state law.

152.   Defendants are liable to plaintiff for said assault, pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.8, and otherwise pursuant to the common law.

153.   The actions by said defendants, above-described, caused plaintiff to suffer severe mental and emotional distress and suffering, medical / psychological bills, costs and expenses, attorney's fees and expenses,

bail costs and other costs and expenses, in an amount to be shown at trial, in excess of $7,000,000.00.

154.  The actions by said defendants were done maliciously and oppressively, and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against defendants in an amount to be shown at trial, in excess of $3,000,000.00.

TENTH CAUSE OF ACTION
Negligence Under California State Law
(Against defendants County of Orange, CARONA, DOES 9 to 10, inclusive)

155.  Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 154, inclusive, above, as if set forth in full herein.

156.  Defendant CARONA, DOES 9 to 10, inclusive and the Orange County Sheriff's Department, especially the professional standards division, and the Command Staff at the Orange County Sheriff's Department knew that the defendants to this action, especially FOUSTE, were dishonest persons who were not to be trusted with the powers of a certified California Peace Officer.

157.  Defendants CARONA and DOES 9 to 10, inclusive, and the Orange County Sheriff's Department, especially the professional standards division, and the Command Staff at the Orange County Sheriff's

COMPLAINT FOR DAMAGES
45

Department knew that the defendants to this action, especially FOUSTE, had knowingly, intentionally and maliciously had authored materially false and misleading crime reports, had previously attempted to frame an innocent man, had engaged in a cover-up regarding the destruction of exculpatory evidence, and had used unreasonable force on persons; literally torturing them.

158. Notwithstanding this knowledge that FOUSTE and the other defendants were dishonest persons who were not to be trusted with the powers of a certified California Peace Officer, CARONA and the Orange County Sheriff's Department failed to discipline any of said defendants, and even promoted FOUSTE to the rank of Sergeant after covering-up for the Orange County Sheriff's Department regarding the actions of George Kluchonic.

159. Defendants had a duty to plaintiff, as a member of the general public, to use reasonable care in training and disciplining its deputy sheriffs and supervisors, and to prevent dishonest and violent persons from continuing to work as peace officers with the Orange County Sheriff's Department who come into contact with members of the general public.

160.  Defendants breached their duty of care to plaintiff by their failure to discipline said defendants for their prior misconduct as deputy sheriffs / Sergeants / other supervisors, and said breach of said duty of care now subjects defendants County of Orange, CARONA and DOES 9 to 10, inclusive, to liability to the plaintiff for his injuries and damages in this action; above-described.

161.  Said actions / omissions (breach of duty of care) by defendants DOES 9 and 10, CARONA and the County of Orange caused plaintiff to suffer substantial personal injuries, and physical, mental and emotional pain and suffering and distress, as well as the filing of said criminal misdemeanor action for violation of Cal. Penal Code § 148(a)(1); all in an amount to be proven at trial in excess of $7,000,000.00.

### ELEVENTH CAUSE OF ACTION
Negligence Under California State Law
(Against all defendants)

162.  Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 161, inclusive, above, as if set forth in full herein.

COMPLAINT FOR DAMAGES

163.   Said actions by said defendants, as set forth above and below, constitute a breach of defendants' duty to use due care toward plaintiff, under California state law.

164.   Defendants are liable to plaintiff for his damages pursuant to Cal. Gov't Code §§ 815.2, 815.6, 820 and 820.8, pursuant to the California Constitution, and otherwise pursuant to the common law.

165.   Said actions / omissions (breach of duty of care) by defendants caused plaintiff to suffer substantial personal injuries, and physical, mental and emotional pain and suffering and distress, as well as the filing of said criminal misdemeanor action for violation of Cal. Penal Code § 148(a)(1); all in an amount to be proven at trial in excess of $7,000,000.00.

### TWELTH CAUSE OF ACTION
Negligent Infliction Of Emotional Distress
Under California State Law
(Against all Defendants)

166.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 165, inclusive, above, as if set forth in full herein.

167.   Said actions by said defendants, as set forth above and below, constitute a breach of defendants' duty to use due care toward plaintiff, under California state law.

COMPLAINT FOR DAMAGES

168.   Defendants are liable to plaintiff for his damages pursuant to Cal. Gov't Code §§ 815.2, 815.6, 820 and 820.8, pursuant to the California Constitution, and otherwise pursuant to the common law.

169.   Said actions / omissions (breach of duty of care) by defendants caused plaintiff to suffer substantial personal injuries, and physical, mental and emotional pain and suffering and distress, as well as the filing of said criminal misdemeanor action for violation of Cal. Penal Code § 148(a)(1); all in an amount to be proven at trial in excess of $7,000,000.00.

## THIRTEENTH CAUSE OF ACTION
Intentional Infliction Of Emotional Distress
Under California State Law
(Against all defendants)

170.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 169, inclusive, above, as if set forth in full herein.

171.   Defendants' actions were outrageous and not the type of conduct condoned in a civilized society.

172.   Defendants knew and understood that plaintiff was susceptible to suffering severe emotional distress from their actions taken and committed against plaintiff; above-described.

COMPLAINT FOR DAMAGES
49

173.  Defendants abused a position of authority that gave them a real power to affect plaintiff.

174.  As a direct and proximate result of defendants' actions taken against and committed against plaintiff, above-described, plaintiff did suffer severe emotional distress.

175.  Defendants are liable to plaintiff for said intentional infliction of emotional distress, pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.8, and 422, and otherwise pursuant to the common-law.

176.  The actions by said defendants, above-described, caused plaintiff to suffer severe mental and emotional distress and suffering, medical / psychological bills, costs and expenses, and other costs and expenses, in an amount to be shown at trial, in excess of $7,000,000.00.

177.  The actions by said defendants were done maliciously and oppressively, and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against defendants in an amount to be shown at trial, in excess of $6,000,000.00.

<u>FOURTEENTH CAUSE OF ACTION</u>
Violation Of Cal. Civil Code § 52.1
Under California State Law
(Against all defendants)

COMPLAINT FOR DAMAGES
50

178.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 177, inclusive, above, as if set forth in full herein.

179.   The actions by defendants interfered with, and/or attempted to interfere with, by threats, intimidation, and coercion, the exercise or enjoyment by plaintiff of rights secured by the Constitution of the United States, and of the rights secured by the California Constitution; above-referenced; in violation of Cal. Civil Code § 52.1.

180.   Defendants are liable to plaintiff for said violations of his rights pursuant to Cal. Civil Code § 52.1, and otherwise pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.8.

181.   The actions by said defendants, above-described, caused plaintiff to suffer substantial personal injuries, severe mental and emotional distress and suffering, medical / psychological bills, costs and expenses, and other costs and expenses, in an amount to be shown at trial, in excess of $7,000,000.00.

182.   The actions by said defendants were done maliciously and oppressively, and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against defendants in an amount to be shown at trial, in excess of $3,000,000.00.

COMPLAINT FOR DAMAGES

108. In addition, because of defendants' violation of Cal. Civil Code §

52.1, plaintiffs are entitled to jury consideration of an award of treble

compensatory damages against defendants, in an amount in excess of

$21,000,000.00.

WHEREFORE, plaintiffs pray for judgment as follows:

1. That plaintiff be awarded a judgment against all defendants for

compensatory damages, including treble compensatory damages,

in an amount in to be proven at trial, in excess of $21,000,000.00;

2. That plaintiff be awarded a judgment against all defendants, save

defendant County of Orange, for punitive / exemplary damages in

an amount in to be proven at trial, in excess of $3,000,000.00.

3. That plaintiff be awarded reasonable attorney's fees and costs of

suit herein;

4. That plaintiff be given a trial by jury; and

5. That this honorable court make and award such other relief as this

honorable court deems just and equitable.

Jerry L. Steering

Carol E. Lavacot

COMPLAINT FOR DAMAGES

52

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

### SACV08- 786 AG (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[X] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JOSHUA RASHID RADWAN,

CASE NUMBER

PLAINTIFF(S)

**SACV08-00786 AG (ANx)**

v.

COUNTY OF ORANGE, MICHAEL CARONA,
JAMES FOUSTE, SEAN HILLIARD, MATTHEW PRINCE,
MARK KUNAR, MARK HERGESHEIMER, IRA ESSOE,
MICHAEL PADILLA, MANUEL GARCIA, CYRIL FOSTER,
THOMAS STREETER, DAVID HERNANDEZ, DEFENDANT(S).
JARRETT KURIMAY and
DOES 1 through 10, inclusive,

**SUMMONS**

TO:     DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Jerry L. Steering (See Attached)_____, whose address is _4063 Birch Street, Suite 100, Newport Beach, CA 92660_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JUL 1 7 2008

By: _____**ROLLS ROYCE PASCHAL**____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

## <u>ATTACHMENT TO SUMMONS</u>

Carol E. Lavacot; SBN 101689
Law Offices of Carol E. Lavacot
Irvine Center Towers
18500 Von Karman Avenue
Suite 560
Irvine, CA, 92612
e-mail: <u>law@lavacot.com</u>

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
JOSHUA RASHID RADWAN

**DEFENDANTS**
COUNTY OF ORANGE, MICHAEL CARONA, JAMES FOUSTE,
SEAN HILLIARD, MATTHEW PRINCE, MARK KUNAR,
MARK HERGESHEIMER, IRA ESSOE, MICHAEL PADILLA,
MANUEL GARCIA, CYRIL FOSTER, THOMAS STREETER,
DAVID HERNANDEZ, JARRETT KURIMAY and DOES 1 through 10, inclusive,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
JERRY L. STEERING, LAW OFFICE OF JERRY L. STEERING,
4063 Birch Street, Suite 100, Newport Beach, CA 92660
(949) 474-1849 (See Attached)

**Attorneys** (If Known)
Unknown

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** 24,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. §1983 RIGHT TO FREEDOM FROM UNLAWFUL SEIZURE OF PERSON, UNREASONABLE AND EXCESSIVE FORCE.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**   Case Number: _____   **SACV08-00786 AG (ANx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)

**CIVIL COVER SHEET**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
  ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved.

X   SIGNATURE OF ATTORNEY (OR PRO PER): _____

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## ATTACHMENT TO CIVIL COVERSHEET

Carol E. Lavacot; SBN 101689
Law Offices of Carol E. Lavacot
Irvine Center Towers
18500 Von Karman Avenue
Suite 560
Irvine, CA, 92612
e-mail: law@lavacot.com