David D. Lawrence, Esq. [State Bar No. 123039]
E-Mail: dlawrence@lbaclaw.com
Christina M. Sprenger, Esq. [State Bar No. 205105]
E-Mail: csprenger@lbaclaw.com
Daniel S. Cha, Esq, [State Bar No. 260256]
E-Mail: dcha@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
1600 North Broadway, Suite 1010
Santa Ana, California 92706
Telephone No. (714) 479-0180
Facsimile No. (714) 479-0181

Attorneys for Defendants,
COUNTY OF ORANGE, SEAN HILLIARD, JAMES FOUSTE, JARRETT
KURIMAY, DAVID HERNANDEZ, CYRIL FOSTER, MANUEL GARCIA,
MICHAEL PADILLA, IRA ESSOE, MARK HERGESHEIMER, MARK
KUNAR, MATTHEW PRINCE and MICHAEL CARONA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA RASHID RADWAN, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF ORANGE , MICHAEL CARONA, JAMES FOUSTE, SEAN HILLIARD, MATTHEW PRINCE, MARK KUNAR, MARK HERGESHEIMER, IRA ESSOE, MICHAEL PADILLA, MANUEL GARCIA, CYRIL FOSTER, THOMAS STREETER, DAVID HERNANDEZ, JARRETT KURIMAY and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. SACV 08-00786 AG (ANx) <br><br> **DEFENDANTS COUNTY OF ORANGE'S AND CARONA'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION** <br><br> Hearing: <br> Date:  June 7, 2010 <br> Time: 10:00 a.m. <br> Crtrm.: 10D <br><br> Discovery Cut-Off:  2/22/10 <br> Pre-Trial Conference: 6/21/10 <br> Trial Date: 7/6/10 <br><br> **MATTER FOR DETERMINATION BY THE HONORABLE ANDREW J. GUILFORD** |

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ....................................... 1

I.   PLAINTIFF CONCEDES DEFENDANT CARONA IS ENTITLED
     TO SUMMARY JUDGMENT............................................................ 1

II.  PLAINTIFF CONCEDES SEVERAL OF HIS *MONELL*-BASED
     CLAIMS. ...................................................................................... 1

III. PLAINTIFF CONCEDES THAT HIS STATE LAW CLAIMS
     AGAINST COUNTY OF ORANGE ARE WITHOUT LEGAL
     MERIT. .......................................................................................... 2

IV.  THE SHERIFF'S DEPARTMENT DOES NOT HAVE A POLICY
     OF UNREASONABLY USING A TASER.......................................... 2

V.   THE SHERIFF'S DEPARTMENT TRAINS ITS DEPUTIES IN
     THE USE OF A TASER. ................................................................. 4

VI.  THE SHERIFF'S DEPARTMENT DOES NOT HAVE A POLICY,
     PRACTICE, OR CUSTOM OF USING UNREASONABLE
     FORCE AT THE JAIL. ................................................................... 6

     A.  There Is No Policy, Practice, Or Custom For Using Unreasonable
         Force To Extract Arrestees From Patrol Cars Or Carrying Them
         Inside The Jail. ...................................................................... 6

     B.  There Is No Policy Of Using Unreasonable Force On Uncooperative
         Arrestees Subject To A "Booking Process Delay"........................ 6

     C.  There Is No Custom Or Practice Using Unreasonable Force On
         Uncooperative Arrestees Subject To A "Booking Process Delay". ............. 7

VII. CONCLUSION. .............................................................................. 11

i

DEFENDANTS COUNTY OF ORANGE'S AND CARONA'S REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION

1

# TABLE OF AUTHORITIES

2

**Page**

3

**Cases**

4

*Board of Commissioners of Bryan County, Okl. v. Brown,*

5

520 U.S. 397 (1997).................................................................. 1

6

*Brooks v. City of Seattle,*

7

599 F.3d 1018 (9th Cir. 2010) ........................................... 3, 4, 5

8

*Bryan v. McPherson,*

9

2008 WL 344185 *3-4 (S.D. Cal. 2008) ............................... 4

10

*Bryan v. McPherson,*

11

590 F.3d 767 (9th Cir. 2009) ............................................ 3, 4

12

*City of Canton, Ohio v. Harris,*

13

489 U.S. 378 (1989)............................................................... 5

14

*City of Oklahoma City v. Tuttle,*

15

471 U.S. 808 (1985)............................................................. 6, 7

16

*Gillette v. Delmore,*

17

979 F.2d 1342 (9th Cir. 1992) ......................................... 7, 8, 10

18

*Graham v. Connor,*

19

490 U.S. 386 (1989)........................................................... 2, 3, 4

20

*Hamilton v. Rogers,*

21

791 F.2d 439 (5th Cir. 1986) ........................................... 8, 9, 10

22

*Harvey v. Blake,*

23

913 F.2d 226 (5th Cir. 1990) .............................................. 8

24

*Mateyko v. Felix,*

25

924 F.2d 824 (9th Cir. 1991) .............................................. 5

26

*Mattos v. Agarano,*

27

590 F.3d 1082 (9th Cir. 2010) ............................................ 3

28

DEFENDANTS COUNTY OF ORANGE'S AND CARONA'S REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION

*Meehan v. Los Angeles County*,

    856 F.2d 102 (9th Cir. 1988) ........................................................................ 8, 9

*Monell v. Dep't. of Social Services of City of New York*,

    436 U.S. 658 (1978)....................................................................................... passim

*Munoz v. City of Union City*,

    120 Cal.App.4th 1077 (2004) ............................................................................ 2

*Scott v. Harris*,

    550 U.S. 372 (2000)........................................................................................... 3

*Trevino v. Gates*,

    99 F.3d 911 (9th Cir. 1996) ................................................................... 6, 7, 8, 9

**Statutes**

42 U.S.C. § 1983 .......................................................................................... 1, 4, 7

California Government Code § 815.2 .................................................................. 2

California Government Code § 844.6 .................................................................. 2

DEFENDANTS COUNTY OF ORANGE'S AND CARONA'S REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   PLAINTIFF CONCEDES DEFENDANT CARONA IS ENTITLED TO SUMMARY JUDGMENT.

Plaintiff offers no argument in opposition to Defendant Carona's Motion for Summary Judgment.  As a result, Plaintiff effectively concedes that the reasons set forth in the moving papers entitle Defendant Carona to summary judgment.

### II.   PLAINTIFF CONCEDES SEVERAL OF HIS *MONELL*-BASED CLAIMS.

As established in the moving papers, 42 U.S.C. § 1983 claims against a municipality cannot be based simply on a *respondeat superior* theory of liability. *Monell v. Dep't. of Social Services of City of New York*, 436 U.S. 658 (1978). Rather, it is only when an explicit policy or tacit wrongful government "policy or custom" causes government employees to violate a constitutional right, that a government entity may be liable under 42 U.S.C. § 1983.  *Board of Commissioners of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403-04 (1997).

With regard to the incident at the scene of Plaintiff's arrest at Paseo De Colinas, Plaintiff does not argue that his allegedly unreasonable seizure was the result of a policy or custom of Defendant County of Orange.  In addition, Plaintiff does not argue that the allegedly unreasonable searches of Plaintiff's person or vehicle were the result of a policy or custom of Defendant County of Orange. Moreover, with regard to his claim of unreasonable force at the scene of the arrest, Plaintiff only contends that the use of a Taser was the result of a custom or policy of Defendant County of Orange.

As a result, Plaintiff effectively concedes that Defendant County of Orange is not liable for the alleged unreasonable seizure or searches of Plaintiff and his vehicle.  In addition, Plaintiff effectively concedes that Defendant County of Orange is not liable for any alleged unreasonable force at the scene of the incident

DEFENDANTS COUNTY OF ORANGE'S AND CARONA'S REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION

aside from the use of a Taser.  Therefore, Defendant County of Orange is at least entitled to summary adjudication as to those claims.

## III. PLAINTIFF CONCEDES THAT HIS STATE LAW CLAIMS AGAINST COUNTY OF ORANGE ARE WITHOUT LEGAL MERIT.

Plaintiff's Opposition contains no argument in opposition with regard to Plaintiff's state law claims against Defendant County of Orange.  As set forth in the moving papers, Defendant County of Orange is entitled to summary adjudication of Plaintiff's Tenth Cause of Action for Negligent Supervision/Training.  *Munoz v. City of Union City*, 120 Cal.App.4th 1077, 1110-15 (2004).  In addition, pursuant to Government Code § 815.2, Defendant County of Orange is not liable to the same extent that its employees are not liable; since the Individual Defendants are not liable for Plaintiff's state law claims (as set forth in the Individual Defendants' moving and reply papers), Defendant County of Orange is similarly not liable for Plaintiff's state law claims.  Finally, Defendant County of Orange is immune pursuant to Government Code § 844.6 against any injuries sustained by Plaintiff in the jail.

## IV. THE SHERIFF'S DEPARTMENT DOES NOT HAVE A POLICY OF UNREASONABLY USING A TASER.

Plaintiff's own opposition admits that the express policy of the Orange County Sheriff's Department is to permit, and to train its officers, use of a Taser only is permissible only where it is objectively reasonable.  (Opposition at 3:18-20, 4:12-14, 4:22-23).  However, Plaintiff argues that this policy is insufficient because it inadequately provides "a guiding light" beyond the mandate that the particular use of force be objectively reasonable.  (Opposition at 4:17-24).

Plaintiff's argument is without any basis in law.  The leading case on the constitutionality of a use of force is *Graham v. Connor*, 490 U.S. 386 (1989).  The Supreme Court declared "that ***all*** claims that law enforcement officers have

2

used excessive force-deadly or not-in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard...." *Id.* at 395. Moreover, "because the test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, [citation,] however, its proper application ***requires careful attention to the facts and circumstances of each particular case***." *Id.* at 396 (quotation omitted) emphasis added. Ultimately, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them...." *Id.* at 397.

Therefore, the Orange County Sheriff's Department's policy, that a Taser should be used only where it is "objectively reasonable," adheres to the Supreme Court's own test in *Graham*. The policy does not leave the decision to use a Taser to the "unbridled discretion" of each deputy. Rather, it requires objectively reasonable, rather than subjectively reasonable, bases for uses of a Taser. Recently, the Supreme Court has reiterated that there is no bright-line test for any particular use of force. *Scott v. Harris*, 550 U.S. 372, 383 (2000) ("Although respondent's attempt to craft an easy-to-apply legal test in the Fourth Amendment context is admirable, in the end we must still slosh our way through the factbound morass of 'reasonableness....' [A]ll that matters is whether [the officer's] actions were reasonable."). That the policy does not set forth a standard stricter than the constitutionally mandated standard set forth in *Graham* cannot make Defendant County of Orange subject to liability.

Plaintiff's reliance on *Bryan v. McPherson*, 590 F.3d 767 (9th Cir. 2009) is inapposite and unavailing. As set forth in the Individual Defendants' reply papers, *Bryan*'s analysis of reasonable force is not analogous to the use of a Taser in this case. Rather, *Mattos v. Agarano*, 590 F.3d 1082, 1088 (9th Cir. 2010), and especially *Brooks v. City of Seattle*, 599 F.3d 1018 (9th Cir. 2010), are more analogous, as the use of a Taser in its "drive-stun" pain compliance capacity is a

3

DEFENDANTS COUNTY OF ORANGE'S AND CARONA'S REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION

less intrusive quantum of force than a "dart-shooting" application designed to incapacitate, as in *Bryan*. *See, Brooks*, 599 F.3d at 1027-28. In any event, none of these cases discussed the municipality's liability. In fact, even in the original District Court decision in *Bryan*, the District Court awarded the defendant city summary judgment on the plaintiff's 42 U.S.C. § 1983 claims where the city "gave general guidance regarding the use of force rather than explaining to officers what to do in specific scenarios." *Bryan v. McPherson*, 2008 WL 344185 *3-4 (S.D. Cal. 2008). Similarly, in this case, the Orange County Sheriff's Department provided its personnel with the *Graham* standard for use of force rather than specific guidance in the use of a Taser. Defendant County of Orange is similarly entitled to summary adjudication of Plaintiff's Taser-related 42 U.S.C. § 1983 claims.

## V.   THE SHERIFF'S DEPARTMENT TRAINS ITS DEPUTIES IN THE USE OF A TASER.

Plaintiff argues that Deputies have not been adequately trained on the use of a Taser. Plaintiff limits this argument to the jail context. Plaintiff points out that the Deputies told him that he would be subjected to a Taser if he got up before the Deputies exited his medical observation cell. Plaintiff cites a similar incident involving a Gabriel Celli[1]. Notwithstanding Defendants' evidentiary objections to Plaintiff's evidence regarding Gabriel Celli, he was similarly told that he would be subjected to a Taser if he moved before Deputies exited his

---

[1] Plaintiff also mentions an incident involving Liza Munoz. Notwithstanding Defendants' evidentiary objections, Ms. Munoz's incident is wholly dissimilar to Plaintiff's incident. Ms. Munoz was in a different facility (women's jail), and whereas Plaintiff complains he was told he would be Tasered, Ms. Munoz was Tasered, though the video does not disclose whether she was warned or not. Moreover, as with the Celli incident, Ms. Munoz's incident has no bearing on whether deputies are trained.

DEFENDANTS COUNTY OF ORANGE'S AND CARONA'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION

1    medical observation cell.

2          First, this evidence does not establish that any Deputy in either incident

3    used unreasonable force in the first place.  In fact, giving a warning is encouraged

4    by the Ninth Circuit.  *Brooks*, 599 F.3d at 1030 (warning weighs against finding

5    constitutional violation for subsequent Taser use).  Second, even if giving the

6    warning in Plaintiff's and Celli's incidents were unreasonable, Plaintiff has not

7    demonstrated how the two incidents demonstrate a lack of training.  In order to

8    prevail against a municipality on a theory of failure to train, a plaintiff must

9    establish "deliberate indifference" on the part of the municipality.  *City of*

10   *Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989).

11         To the extent that Plaintiff alleges that the particular deputies in these two

12   isolated incidents were inadequately trained, or that they should have had

13   different or additional training, that is insufficient to attach *Monell* liability to

14   Defendant County of Orange.  *Id.* at 391 ("That a particular officer may be

15   unsatisfactorily trained will not alone suffice to fasten liability on the city....

16   Neither will it suffice to prove that an injury or accident could have been avoided

17   if an officer had had better or more training, sufficient to equip him to avoid the

18   particular injury-causing conduct."); *see also*, *Mateyko v. Felix*, 924 F.2d 824,

19   826 (9th Cir. 1991) (failure to provide lengthier training insufficient to establish

20   deliberate indifference).   Rather, the specific inadequacies of the training

21   program must be so obvious that they constitute a conscious choice on the part of

22   the policymaking officials to disregard constitutional rights.  *Id.* at 389-90.

23   However, as noted above, Plaintiff's Opposition admits that deputies are trained

24   to use objectively reasonable force, even when specifically dealing with a Taser,

25   and that they are trained to give a warning when practicable.  (Opposition at 3:9-

26   5:2).  As a result, Plaintiff cannot establish Defendant County of Orange failed to

27   train its deputies for purposes of *Harris*.

28   ///

DEFENDANTS COUNTY OF ORANGE'S AND CARONA'S REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION

## VI.    THE SHERIFF'S DEPARTMENT DOES NOT HAVE A POLICY, PRACTICE, OR CUSTOM OF USING UNREASONABLE FORCE AT THE JAIL.

### A.    There Is No Policy, Practice, Or Custom For Using Unreasonable Force To Extract Arrestees From Patrol Cars Or Carrying Them Inside The Jail.

Even if the Deputies' actions in removing Plaintiff from the patrol car and carrying him were unreasonable, though they were not, Plaintiff has not identified any policy that caused such unreasonable force. In addition, Plaintiff has not identified any similar incidents in which someone has been pulled out of a patrol car and carried into and inside the jail, much less enough to establish a custom or practice. Therefore, Plaintiff has not met his burden to show a practice or custom of Defendant County of Orange that caused his alleged constitutional violations. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) (isolated incidents insufficient to establish practice of violating civil rights); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (noting that two incidents are insufficient to establish custom). As a result, Defendant County of Orange is entitled to summary adjudication as to Plaintiff's *Monell* claims for the manner of his extraction and being carried.

### B.    There Is No Policy Of Using Unreasonable Force On Uncooperative Arrestees Subject To A "Booking Process Delay".

Plaintiff argues that the way in which Plaintiff was placed in the medical observation cell was pursuant to the policies of the Sheriff's Department. In support of this conclusion, Plaintiff points to the deposition testimonies of Deputies Padilla, Hernandez, Foster and Garcia, in which they state that the events depicted on the jail handheld video tape of Plaintiff's jail incident were within the policies of the Sheriff's Department. However, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under

6

*Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, ***which policy can be attributed to a municipal policy maker***." *Tuttle*, 471 U.S. at 823-24 (emphasis added).

Deputies' Padilla's, Hernandez's, Foster's, and Garcia's statements are not, and cannot be, attributed to a municipal policymaker. Plaintiff has not produced a single written policy or training document that sets forth the manner in which he was placed in a medical observation cell as a booking process delay, and the Deputies are not municipal policymakers for Defendant County of Orange. As a result, Plaintiff has not established that the manner in which he was placed in the medical observation cell was pursuant to a policy of Defendant County of Orange. Therefore, notwithstanding the reasonableness of the Individual Defendants' conduct in placing him in the cell, Defendant County of Orange is not liable under a *Monell* theory based on any policy.

**C.**     **There Is No Custom Or Practice Using Unreasonable Force On Uncooperative Arrestees Subject To A "Booking Process Delay".**

As noted above, a 42 U.S.C. § 1983 plaintiff cannot recover under a custom or practice theory of liability against a municipality by simply producing evidence of isolated incidents of alleged misconduct. *Tuttle*, 471 U.S. at 823-24. A "custom must be so persistent and widespread that it constitutes a permanent and well settled city policy." *Trevino*, 99 F.3d at 918 (quotation marks and citation omitted). The courts have required plaintiffs to support their custom or practice allegations with evidence of multiple *similar* incidents, and to demonstrate official knowledge and tacit approval of the particular wrongful conduct by municipal employees. *Gillette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir. 1992) (requiring evidence of similar misconduct and a policymaker's awarenesss of the custom and practice). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient ***duration, frequency and consistency*** that the conduct has become a

7

DEFENDANTS COUNTY OF ORANGE'S AND CARONA'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION

traditional method of carrying out policy." *Trevino*, 99 F.3d at 918 (emphasis added); *Gillette*, 979 at 1349 (plaintiff must present evidence of duration of policy sufficient to demonstrate that custom was "so permananent and well-settled that it had force of law"); *cf.*, *Meehan v. Los Angeles County*, 856 F.2d 102 (9th Cir. 1988) (two incidents not sufficient to establish custom); *Hamilton v. Rogers*, 791 F.2d 439, 443 (5th Cir. 1986) (twelve prior incidents over two and a half years insufficient) (*abrogated on other grounds, Harvey v. Blake*, 913 F.2d 226 (5th Cir. 1990)).

In this case, Plaintiff offers the January 1, 2006 experience of Gabriel Celli, and has provided several other declarations purporting to show misconduct in the jail. Plaintiff only analyzes Celli's incident, however, most likely because almost none of the other incidents are remotely similar.

As set forth more fully in Defendants' Evidentiary Objections, and not withstanding those objections, the declarations do not reflect any incident similar to Plaintiff's, i.e. placed in a medical observation cell as a booking process delay by being prone on the floor, legs crossed behind him, and arms in control holds. According to the declaration of Steven Huntsaker (Plaintiff's Exhibit "JJJJ")[2], on September 28, 2007, Mr. Huntsaker allegedly was on his way to a bus from the jail and was beaten and Tasered after he asked to go back to a holding cell to retrieve paperwork. According to the declaration of Stephen Conlon (Plaintiff's Exhibit "LLLL"), in June 2008, while he was detained at a different facility (Theo Lacy), a deputy twisted his arm and slammed it into a wall and the ground while Mr. Conlon was waiting to get food. According to the declaration of Sarah Jensen (Plaintiff's Exhibit "MMMM"), on November 6, 2007, in a different

---

[2] Moreover, Mr. Huntsaker admits he was convicted of a crime arising out of his interaction with the police. (Plaintiff's Exhibit "JJJJ" at 5:1-13). Accordingly, Plaintiff cannot establish Mr. Huntsaker was subject to unreasonable force as that

DEFENDANTS COUNTY OF ORANGE'S AND CARONA'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION

facility (the women's jail), Ms. Jensen was pulled into a hallway by her hair and a deputy slammed her face into a glass door panel by pulling Ms. Jensen's hair. Thomas Benhoff (Plaintiff's Exhibit "NNNN") marked a box indicating he saw some undisclosed excessive force used against another inmate at Theo Lacy in May or June 2007. According to Timothy Gregart (Plaintiff's Exhibit "OOOO"), on March 15, 2007, a deputy verbally berated him and made him stay two hours longer than necessary.

These declarations reflect incidents so dissimilar that they cannot be considered relevant to the existence of a custom or practice. Plaintiff's March 18, 2006 video of Matthew Fleuret is also too dissimilar. Notwithstanding Defendants' evidentiary objections to the video, Mr. Fleuret was Tasered multiple times, had his clothing cut off of his body, he was placed in a hood, and strapped down in a restraint chair; in addition, there were no leg restraints and he was not uncuffed in the medical observation cell. Also, each arm was not held in a control hold, as it Plaintiff's case, but one deputy drove his knee between Mr. Fleuret's arms.

The only declaration or incident other than Celli's, reflecting an incident arguably similar to Plaintiff's is that of Jeffrey Pittman (Plaintiff's Exhibit "KKKK"), who was allegedly placed in a cell face down, legs crossed behind him, and arms in control holds on September 10th, 2008. However, notwithstanding the propriety of the deputies' actions with regard to Celli and Pittman, two incidents of misconduct spread out over two and a half years is insufficient. *Trevino*, 99 F.3d at 918; *cf.*, *Meehan* 856 F.2d 102 (two incidents not sufficient to establish custom); *Hamilton*, 791 F.2d at 443 (twelve prior incidents over two and a half years insufficient). Indeed, even if all these incidents were relevant, which they are not, they would still be of insufficient

would imply the invalidity of his conviction. Heck v. Humphrey, 512 U.S. 477, 487 (1994).

DEFENDANTS COUNTY OF ORANGE'S AND CARONA'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION

1    duration or frequency to establish a custom or practice. *Gillette*, 979 F.3d at 1349

2    (requiring evidence of duration of custom or practice sufficient to find it is

3    "permanent and well-settled"); *Hamilton*, 791 F.2d at 443 (incidents over two and

4    a half years insufficient).

5          Plaintiff's reference to Foster's deposition testimony is misleading.  Foster

6    did not say that booking process delays were typically or commonly treated the

7    same as Plaintiff.  Rather, Foster specifically could not say whether it was a

8    common occurrence. (Plaintiff's Exhibit "WWWW" at 60:1-14).  And, out of the

9    thousands of times Foster had been involved in uncuffing arrestees and inmates,

10   only approximately ten times had Foster been involved in uncuffing an arrestee in

11   a medical observation cell. (Plaintiff's Exhibit "WWWW" at 60:19-61:4).  When

12   Plaintiff's attorney re-asked whether a booking process delay being proned and

13   having his legs pinned was commonly done, it was therefore appropriately

14   objected to as calling for Foster's speculation. (Plaintif's Exhibit "WWWW" at

15   62:20-62:18).  As a result, Foster's testimony more accurately is that in the subset

16   of times he was personally responsible for controlling a booking process delay's

17   legs when uncuffing them in a medical observation cell (approximately ten times

18   over thousands of uncuffing procedures in his entire career at the jail), he would

19   cross the person's legs. (Plaintiff's Exhibit "WWWW" at 60:15-61:2, 73:12-

20   74:2).  Such isolated incidents cannot establish a custom or practice sufficient to

21   establish a municipal policy.  Moreover, Foster's testimony only goes to the

22   crossing of the legs and not the use of control holds in uncuffing booking process

23   delays or any other method of treating or uncuffing booking process delays.

24         Accordingly, Plaintiff has failed to establish a practice or custom of

25   Defendant County of Orange caused the manner in which he was placed in the

26   medical observation cell.  Therefore, even if that conduct violated the Fourth

27   Amendment, which it did not, Defendant County of Orange is not liable under a

28   *Monell* theory of liability.

1
## VII.   **CONCLUSION**.

2
Based on the foregoing, and for the reasons set forth in Defendants County

3
of Orange's and Michael Carona's moving papers, and the Individual Defendants'

4
moving and reply papers, Defendants County of Orange and Michael Carona

5
respectfully request that this Court grant them summary judgment, or in the

6
alternative, summary adjudication of the issues identified in the notice of motion,

7
and enter judgment in their favor.

8

9
DATED: May 28, 2010            Respectfully submitted,

10
LAWRENCE BEACH ALLEN, & CHOI, PC

11

12
By _*Daniel   C*_____

13
DAVID D. LAWRENCE

14
CHRISTINA M. SPRENGER
DANIEL S. CHA

15
Attorneys for Defendants,

16
COUNTY OF ORANGE, SEAN
HILLIARD, JAMES FOUSTE, JARRETT

17
KURIMAY, DAVID HERNANDEZ,
CYRIL FOSTER, MANUEL GARCIA,

18
MICHAEL PADILLA, IRA ESSOE,
MARK HERGESHEIMER, MARK

19
KUNAR, MATTHEW PRINCE and
MICHAEL CARONA

20

21

22

23

24

25

26

27

28

DEFENDANTS COUNTY OF ORANGE'S AND CARONA'S REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA; COUNTY OF ORANGE

3

4

      I, Debbie Pryor, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 1600 North Broadway, Suite 1010, Santa Ana, California  92706.

5

6

7

8

      On May 28, 2010, I electronically filed the foregoing **DEFENDANTS COUNTY OF ORANGE'S AND CARONA'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

9

10

1.    Jerry L. Steering, Esq.    jerrysteering@yahoo.com
2.    Carol E. Lavacot, Esq.    law@lavacot.com

11

12

13

____    BY MAIL:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Santa Ana, California, in the ordinary course of business.

14

15

16

____    BY FEDERAL EXPRESS
I caused such envelope to be delivered via Federal Express to the offices of the address(es) listed above.

17

18

____    BY PERSONAL SERVICE

19

20

    __    I hand delivered such envelope by hand to the addressee(s) listed above.

21

22

_X_    (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

23

24

Executed on May 28, 2010 at Santa Ana, California

25

26

                     Declarant

27

28

DEFENDANTS COUNTY OF ORANGE'S AND CARONA'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION