David D. Lawrence, Esq. [State Bar No. 123039]
Christina M. Sprenger, Esq. [State Bar No. 205105]
Daniel S. Cha, Esq. [State Bar No. 260256]
LAWRENCE BEACH ALLEN & CHOI, PC
1600 North Broadway, Suite 1010
Santa Ana, California 92706
Telephone No. (714) 479-0180
Facsimile No. (714) 479-0181
E-Mail: csprenger@lbaclaw.com

Attorneys for Defendants,
COUNTY OF ORANGE, SEAN HILLIARD, DAVID HERNANDEZ, CYRIL FOSTER, MANUEL GARCIA, MICHAEL PADILLA, IRA ESSOE, MARK HERGESHEIMER, AND MATTHEW PRINCE,

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA RASHID RADWAN,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>COUNTY OF ORANGE, ~~MICHAEL CARONA~~, ~~JAMES FOUSTE~~, SEAN HILLIARD, MATTHEW PRINCE, ~~MARK KUNAR~~, MARK HERGESHEIMER, IRA ESSOE, MICHAEL PADILLA, MANUEL GARCIA, CYRIL FOSTER, THOMAS STREETER, DAVID HERNANDEZ, ~~JARRETT KURIMAY~~ and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. SACV 08-00786 AG (ANx)<br><br>**DEFENDANTS' TRIAL BRIEF**<br><br>Pre-Trial Conference:<br>Date: 10/4/10<br>Time: 8:30 a.m.<br>Courtroom: 6B<br><br>Trial:<br>Date: 10/19/10<br>Time: 9:00 a.m.<br>Courtroom: 6B<br><br>**MATTER FOR DETERMINATION BY THE HONORABLE ANDREW J. GUILFORD** |

TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that Defendants COUNTY OF ORANGE, SEAN HILLIARD, MATTHEW PRINCE, MARK HERGESHEIMER, IRA ESSOE, MICHAEL PADILLA, MANUEL GARCIA, CYRIL FOSTER, AND DAVID HERNANDEZ hereby submit the attached Trial Brief, pursuant to Local Rule 16-10.

DATED: October 13, 2010          Respectfully submitted,

LAWRENCE BEACH ALLEN, & CHOI, PC

/s/   David D. Lawrence
DAVID D. LAWRENCE
CHRISTINA M. SPRENGER
DANIEL S. CHA
Attorneys for Defendants
COUNTY OF ORANGE, SEAN HILLIARD, DAVID HERNANDEZ, CYRIL FOSTER, MANUEL GARCIA, MICHAEL PADILLA, IRA ESSOE, MARK HERGESHEIMER and MATTHEW PRINCE

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

I. INTRODUCTION. .............................................................................................. 1

    A. PARTIES. ...................................................................................................... 1

    B. CLAIMS FOR RELIEF ................................................................................ 1

II. PLAINTIFF CANNOT BASE A CIVIL CODE § 52.1 CLAIM ON A CLAIM OF UNREASONABLE FORCE ALONE .............................................. 2

III. STATUTORY IMMUNITIES BAR SEVERAL OF PLAINTIFF'S STATE LAW CLAIMS. ..................................................................................... 3

    A. Government Code § 820.8 Bars Liability For Others' Actions. ................... 4

IV. ADDITIONAL EVIDENTIARY ISSUES .......................................................... 4

    A. Plaintiff's Proposed Disposition Of Possible Award Of Damages Should Not Be Mentioned ............................................................................ 4

V. PLAINTIFF IS NOT ENTITLED TO LITIGATION-INDUCED EMOTIONAL DISTRESS DAMAGES. ............................................................. 5

    A. Plaintiff Should Not Make Reference To The Alleged Character Of The Alleged Robbery Victim In Plaintiff's Pre-Existing Criminal Case ............................................................................................................... 6

        1. Plaintiff Should Not Make Reference To The Alleged Character Of The Alleged Robbery Victim ................................................ 6

VI. CONCLUSION .................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Allyson v. Department of Transp.*,
   53 Cal.App.4th 1304 (1997)..................................................................................3

*Caldwell v. Montoya*
   10 Cal.4th 972 (1995)............................................................................................3

*Crowell-Collier Pub. Co. v. Caldwell*
   170 F.2d 941 (5th Cir. 1948).................................................................................4

*Gates v. Superior Court*
   32 Cal.App.4th 481 (1995)....................................................................................4

*Jin v. Metropolitan Life Insurance Co.*
   2003 WL 962938 (S.D.N.Y 2003) ........................................................................4

*Justin v. City and County of San Francisco*
   2008 WL 1990819, *9 (N.D. Cal. 2008)............................................................2, 3

*Knussman v. Maryland*
   272 F.3d 625 (4th Cir. 2001) .................................................................................5

*Milton v. Nelson*,
   527 F.2d 1158 (9th Cir. 1975)...............................................................................4

*Ortega v. Pajaro Valley Unified School Dist.*,
   64 Cal.App. 4th 1023 (1998) .................................................................................5

*Picogna v. Bd. of Educ. of Cherry Hill*
   143 N.J. 391 (1996)...............................................................................................5

*Richardson-Tunnell v. School Ins. Program for Employees*
   157 Cal.App.4th 1056 (2007)................................................................................4

*Rios v. City of Fresno*
   2006 WL 3300452 *19-20 (E.D. Cal. 2006).........................................................3

*Stoleson v. United States*,
   708 F.2d 1217 (7th Cir.1983) ................................................................................5

*Zimmerman v. Federal Direct Credit Union*,
   262 F.3d 70 (1st Cir. 2001) ...................................................................................5

**Statutes**

42 U.S.C. § 1983 ..................................................................................................... 1

California Civil Code Section 52.1 .................................................................... 2, 3

California Civil Code Section 52.1(a) .................................................................... 2

California Government Code Section 820.8 .......................................................... 4

**Rules**

Federal Rules of Civil Procedure, Rule 50 ............................................................. 2

Federal Rules of Evidence, Rule 404 ..................................................................... 6

**Constitutional Provisions**

United States Constitution, Fourth Amendment .................................................... 1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

This case arises from the interaction between Plaintiff Radwan and Orange County Sheriff's Deputies during his arrest and subsequent booking at the Orange County Jail on December 23-24, 2006. After this Court's order on Defendants' Motions for Summary Judgment and pursuant to the Pretrial Conference Order, the remaining issues are whether the force used against Plaintiff during his arrest was unreasonable under the Fourth Amendment and state law; and whether his treatment at the jail violated the Fourth Amendment and state law. This Court found that the arrest and incarceration of the Plaintiff were lawful. Insofar as the facts are concerned, Defendants will not go into any detail at this point since the Court is quite familiar with same

### A. PARTIES.

The remaining parties in this lawsuit are as follows:

**Plaintiff**: Joshua Rashid Radwan

**Defendants**: County of Orange (*Respondeat Superior* only), Sean Hilliard, David Hernandez, Cyril Foster, Manuel Garcia, Michael Padilla, Ira Essoe, Mark Hergesheimer, and Matthew Prince.

### B. CLAIMS FOR RELIEF:

The remaining claims for relief are as follows:

**1st Remaining Claim for Relief**: 42 U.S.C. § 1983 – 4th Amendment Excessive Force (against Defendants Hilliard, Hernandez, Foster, Garcia, Padilla, Hergesheimer, and Prince);

**2nd Remaining Claim for Relief**: 42 U.S.C. § 1983 – 4th Amendment Bystander Liability (against Defendant Essoe);

**3rd Remaining Claim for Relief**: State Law – Battery (against all Remaining Defendants);

1    **4th Remaining Claim for Relief**: State Law – Assault (against all
2 Remaining Defendants);
3    **5th Remaining Claim for Relief**: State Law – Negligence (against all
4 Remaining Defendants);
5    **6th Remaining Claim for Relief**: Intentional Infliction of Emotional
6 Distress (against all Remaining Defendants); and
7    **7th Remaining Claim for Relief**: State Law – Violation of Civil Code
8 § 52.1 (against all Remaining Defendants).

## II.  PLAINTIFF CANNOT BASE A CIVIL CODE § 52.1 CLAIM ON A CLAIM OF UNREASONABLE FORCE ALONE.

In light of the Court's rulings on summary judgment, Defendants bring to the Court's attention, and anticipate a motion under F.R.C.P., Rule 50 regarding Plaintiff's claim pursuant to California Civil Code § 52.1.  Notwithstanding the reasonableness, and therefore the lawfulness of Defendants' conduct as set forth above, Defendants are also not liable for Plaintiff's claim under Civil Code § 52.1 because Plaintiff cannot meet the statutory requirements.  Civil Code § 52.1 permits a plaintiff to bring a claim for an alleged interference of civil rights under federal or state law "by threats, intimidation, or coercion." Cal.Civ.Code § 52.1(a).  For purposes of the "by threats, intimidation, or coercion" element of a Civil Code § 52.1 claim, the element must involve threats, intimidation, or coercion **independent** from the violation of the federal or state constitutional right; in other words, a plaintiff cannot bring a Civil Code § 52.1 claim alleging that a defendant "used force to interfere with [the plaintiff's] right to be free from bodily restraint." *Justin v. City and County of San Francisco*, 2008 WL 1990819, *9 (N.D. Cal. 2008).  In *Justin*, the plaintiffs alleged the defendants "interfered with the decedent's exercise and enjoyment of his civil rights... through the use of wrongful force, including his right to be free from violence and the threat of violence...." *Id.* In dismissing the claim, the court held:

> "[Civil Code] Section 52.1 is only applicable when a defendant intends by his or her conduct to interfere with a separate, affirmative right enjoyed by a plaintiff; **it does not apply to a plaintiff's allegation of use of excessive force absent a showing that the act was done to interfere with a *separate* state or federal constitutional right.** [Citation.] Here, Plaintiffs cannot establish a violation of section 52.1 on the record before the Court as they provide no evidence of a violation of a separate state or federal constitutional right."

*Id.* (emphasis added; citation omitted).

In this case, pursuant to the Court's order on Defendants' Motions for Summary Judgment/Adjudication, there is no alleged constitutional violation apart from the claim of unreasonable force. Since there is no surviving allegation that the unreasonable force used against Plaintiff was the means to violate or interfere with a separate and distinct federal or state constitutional right, Plaintiff cannot establish a violation of Civil Code § 52.1. *See also*, *Rios v. City of Fresno*, 2006 WL 3300452 *19-20 (E.D. Cal. 2006) (granting summary judgment as to Civil Code § 52.1 although denying as to Fourth Amendment unreasonable force claim).

### III. <u>STATUTORY IMMUNITIES BAR SEVERAL OF PLAINTIFF'S STATE LAW CLAIMS.</u>

An immunity provision of the California Government Claims Act generally prevails over a liability provision. *Allyson v. Department of Transp.*, 53 Cal.App.4th 1304, 1313, 1318 (1997). In *Caldwell v. Montoya*, 10 Cal.4th 972 (1995), the California Supreme Court held that public employees' statutory immunities prevail over statutes generally imposing liability unless there is "a clear indication of legislative intent that statutory immunity is withheld or withdrawn in the particular case." *Id.* at 986. "Stated differently, the general rule is that the governmental immunity will override a liability created by a statute outside of the

[Government] Claims Act. Further, unless an immunity otherwise provides, the governmental tort immunities apply to intentional tortious conduct." *Gates v. Superior Court*, 32 Cal.App.4th 481, 510 (1995). Indeed, statutory immunities also prevail over claims arising under the State Constitution. *Richardson-Tunnell v. School Ins. Program for Employees*, 157 Cal.App.4th 1056, 1066 (2007).

### A. Government Code § 820.8 Bars Liability For Others' Actions.

Even if one or more Defendants violated state law, no other Defendants can be held liable based therefrom. Government Code § 820.8 provides in pertinent part: "a public employee is not liable for an injury caused by the act or omission of another person." Govt. Code § 820.8. Additionally, this immunity applies to supervisors such as Essoe. *Milton v. Nelson*, 527 F.2d 1158, 1159 (9th Cir. 1975) ("[S]upervisory personnel whose personal involvement is not [proved] may not be held responsible for the acts of their subordinates under California law.").

## IV. ADDITIONAL EVIDENTIARY ISSUES.

### A. Plaintiff's Proposed Disposition Of Possible Award Of Damages Should Not Be Mentioned.

Plaintiff's counsel, Carol E. Lavacot, indicated at the Pretrial Conference that Plaintiff's intent was to donate any damages awarded to Plaintiff toward funding a mental health facility in the County of Orange. Whether or not Plaintiff intends to donate any damages, the jury should not hear about it. *See*, *Crowell-Collier Pub. Co. v. Caldwell*, 170 F.2d 941, 944-45 (5th Cir. 1948) (reversing judgment where judge "failed to strictly exclude from the consideration of the jury all references to plaintiff's proposal to contribute to the Florida Agricultural & Mechanical College for Negroes such damages as the jury might award.... [On remand a]ll reference to the plaintiff's proposal to donate to the Negro college the avails of his suit should be rigorously excluded."); *Jin v. Metropolitan Life Insurance Co.*, 2003 WL 962938 (S.D.N.Y 2003) ("We should avoid any implication that, if the jury awards [plaintiff] a judgment, she will donate a portion of it to others.").

## V. PLAINTIFF IS NOT ENTITLED TO LITIGATION-INDUCED EMOTIONAL DISTRESS DAMAGES.

Plaintiff has claimed during this litigation, and specifically at his deposition, that he has suffered significant emotional distress as a result of his participation in this litigation. However, litigation-induced emotional distress is not recoverable. *Ortega v. Pajaro Valley Unified School Dist.*, 64 Cal.App. 4th 1023, 1060-61 (1998); *Zimmerman v. Federal Direct Credit Union*, 262 F.3d 70, 79 (1st Cir. 2001) ("[T]he heavy weight of authority holds that litigation-induced stress is not ordinarily recoverable as an element of damages."); *Knussman v. Maryland*, 272 F.3d 625, 641-42 (4th Cir. 2001) ("[A]ny anxiety, stress or other unpleasantness that Knussman experienced as a by-product of litigation or the grievance process was not caused by 'the constitutional deprivation itself.' [Citation....] Generally speaking, litigation-induced emotional distress is never a compensable element of damages."); *Stoleson v. United States*, 708 F.2d 1217, 1223 (7th Cir.1983) ("It would be strange if stress induced by litigation could be attributed in law to the tortfeasor. An alleged tortfeasor should have the right to defend himself in court without thereby multiplying his damages...."); *Picogna v. Bd. of Educ. of Cherry Hill*, 143 N.J. 391, 397-99 (1996) (collecting cases).

Defendants have proposed an appropriate jury instruction, number 12, on the matter. In addition, Defendants also expect that this issue will come up in testimony during the trial and therefore propose that the Court give an appropriate limiting instruction if and when it comes before the jury.

//
//
//
//

### A. Plaintiff Should Not Make Reference To The Alleged Character Of The Alleged Robbery Victim In Plaintiff's Pre-Existing Criminal Case

#### 1. Plaintiff Should Not Make Reference To The Alleged Character Of The Alleged Robbery Victim.

In its rulings on motions *in limine* this Court ruled that the jury would be entitled to hear evidence regarding the outcome of the criminal charges brought against the Plaintiff, including the pre-existing robbery and possession of illegal weapons charges and the charges which formed the basis for his arrest on the date in question.

In 2006, Plaintiff was charged with armed robbery of Jason Hallum, and it was this criminal case that resulted in a protective order against Plaintiff, which was in place at the time of the incident. Plaintiff ultimately, and subsequent to the incident, pleaded guilty to a charge of possession of an illegal weapon. Plaintiff has maintained and described Jason Hallum as a dangerous person and mentally unbalanced.

First, the character of Jason Hallum is irrelevant to any issues in this case. Secondly, Jason Hallum's character was irrelevant and unknown to the Defendants.

Most importantly, however, allowing Plaintiff to inpune the character of Jason Hallum would open the door to contrary evidence and would constitute an impermissible impeachment of Plaintiff's conviction. Accordingly, any such evidence would be inadmissible under Federal Rules of Evidence, Rule 404 since it would result in a min-trial regarding the prior robbery charge and would likely mislead and confuse the jury.

//
//
//

## VI. CONCLUSION.

Defendants Sean Hilliard, Matthew Prince, Mark Hergesheimer, Ira Essoe, Michael Padilla, Manuel Garcia, Cyril Foster, and David Hernandez hereby submit their trial brief.

DATED: October 13, 2010                    Respectfully submitted,

LAWRENCE BEACH ALLEN, & CHOI, PC


   /s/   David D. Lawrence
DAVID D. LAWRENCE
CHRISTINA M. SPRENGER
DANIEL S. CHA
Attorneys for Defendants
COUNTY OF ORANGE, SEAN HILLIARD, DAVID HERNANDEZ, CYRIL FOSTER, MANUEL GARCIA, MICHAEL PADILLA, IRA ESSOE, MARK HERGESHEIMER and MATTHEW PRINCE

# PROOF OF SERVICE

STATE OF CALIFORNIA; COUNTY OF LOS ANGELES

I, Brooke Moyer, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 100 West Broadway, Suite 1200, Glendale, California 91210.

On October 13, 2010, I electronically filed the foregoing **DEFENDANTS' TRIAL BRIEF** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

1. Jerry L. Steering, Esq.    jerrysteering@yahoo.com
2. Carol E. Lavacot, Esq.    law@lavacot.com

___  BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Glendale, California, in the ordinary course of business.

___  BY FEDERAL EXPRESS

I caused such envelope to be delivered via Federal Express to the offices of the address(es) listed above.

___  BY PERSONAL SERVICE

I hand delivered such envelope by hand to the addressee(s) listed above.

  X   (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 13, 2010 at Glendale, California

                                       /s/   Brooke Moyer
                                         Brooke Moyer, Declarant