David D. Lawrence, Esq. [State Bar No. 123039]
E-Mail: dlawrence@lbaclaw.com
Christina M. Sprenger, Esq. [State Bar No. 205105]
E-Mail: csprenger@lbaclaw.com
Daniel S. Cha, Esq. [State Bar No. 260256]
E-Mail: dcha@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
1600 North Broadway, Suite 1010
Santa Ana, California 92706
Telephone No. (714) 479-0180
Facsimile No. (714) 479-0181

Attorneys for Defendants,
DAVID HERNANDEZ, CYRIL FOSTER, MANUEL GARCIA, MICHAEL
PADILLA, MARK HERGESHEIMER, and MATTHEW PRINCE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA RASHID RADWAN, | Case No. SACV 08-00786 AG (ANx) |
| Plaintiffs, | |
| vs. | **DEFENDANTS' POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' PROPOSED JURY INSTRUCTIONS TO WHICH PLAINTIFF OBJECTS** |
| ~~COUNTY OF ORANGE~~, ~~MICHAEL CARONA~~, ~~JAMES FOUSTE~~, ~~SEAN HILLIARD~~, MATTHEW PRINCE, ~~MARK KUNAR~~, MARK HERGESHEIMER, ~~IRA ESSOE~~, MICHAEL PADILLA, MANUEL GARCIA, CYRIL FOSTER, ~~THOMAS STREETER~~, DAVID HERNANDEZ, ~~JARRETT KURIMAY~~ and DOES 1 through 10, inclusive, | **Status Conf.:**<br>Date: June 8, 2011<br>Time: 8:30 a.m.<br>Crtrm: 10D |
| | **Trial:**<br>Date: June 14, 2011<br>Time: 9:00 a.m.<br>Crtrm: 10D |
| Defendants. | **MATTER FOR DETERMINATION BY THE HONORABLE ANDREW J. GUILFORD** |

///

///

///

1   TO THE INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

2        Defendants, DAVID HERNANDEZ, CYRIL FOSTER, MANUEL

3   GARCIA, MICHAEL PADILLA, MARK HERGESHEIMER, and MATTHEW

4   PRINCE hereby submit their amended proposed Ninth Circuit Model and

5   substantive jury instructions with points and authorities in support thereof, and

6   reserve the right to submit such other instructions as may be necessitated by

7   evidence introduced at the trial.

8        Plaintiff has objected to all nine of Defendants' proposed jury instructions.

9   For ease of reference, Defendants have set forth each proposed jury instruction, to

10  which Plaintiff objects, followed by the points and authorities in support of each

11  proposed jury instruction.

12

13  DATED: June 8, 2011              Respectfully submitted,

14                                   LAWRENCE BEACH ALLEN, & CHOI, PC

15

16                                   _Daniel C_____

17                                   DAVID D. LAWRENCE
                                     CHRISTINA M. SPRENGER
18                                   DANIEL S. CHA
19                                   Attorneys for Defendants,
                                     DAVID HERNANDEZ, CYRIL FOSTER,
20                                   MANUEL GARCIA, MICHAEL
                                     PADILLA, MARK HERGESHEIMER,
21                                   and MATTHEW PRINCE

22

23

24

25

26

27

28

# INDEX

| Instruction No | Title/Authority | Page |
|---|---|---|
| 1 | Exclusion of Costs and Fees From Damages – Devitt & Blackmar (4th Ed. 1987) § 85.16; O'Malley, 3 Fed. Jury Proc. & Instr. § 128.80 (5th Ed.); Brooks v. Cook, 938 F.2d 1048, 1051 (9th Cir. 2001) | 1 |
| 2 | Damages for Actual Injury Only – Memphis Community School District v. Stachura, 477 U.S. 299, 308-10 (1986) | 3 |
| 3 | Liability For Intentional Conduct Only – Daniels v. Williams, 474 U.S. 327, 333 (1986) | 5 |
| 4 | Plaintiff Was Lawfully Arrested And He And His Vehicle Were Lawfully Searched – Order Granting In Part Individual Defendants' Motion for Summary Judgment | 7 |
| 5 | Excessive Force In Arrest Context – Ninth Circuit Manual of Model Civil Jury Instruction No. 9.22 (2007) | 9 |
| 6 | Excessive Force In Jail Context – Eighth Circuit Manual of Model Civil Jury Instructions No. 4.20 | 11 |
| 7 | No Requirement To Use Least Intrusive Or Least Injurious Degree Of Force – Forrester v. City of San Diego, 25 F.3d 804, 807-08 (9th Cir. 1994) | 13 |
| 8 | No Emotional Distress Damages | 16 |
| 9 | Penal Code Section 148(a)(1) | 18 |

# DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 1

If you find for the plaintiff, you must not take into account any consideration of attorney's fees or court costs in deciding the amount of plaintiff's damages.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## POINTS AND AUTHORITIES FOR DEFENDANTS' PROPOSED INSTRUCTION NO. 1

This instruction is a correct statement of the law. Brooks v. Cook, 938 F.2d 1048, 1051 (9th Cir. 1991) ("The award of attorneys' fees is a matter of law for the judge, not jury."). Moreover, this instruction correctly instructs the jury not to consider the availability of attorney fees in computing damages. See, id. at 1050-51. In Brooks, the Ninth Circuit held that it was error for the District Court to instruct the jury that attorney fees would be granted to the plaintiff if the plaintiff prevailed on his sole remaining claim for nominal damages. Id. The Ninth Circuit reasoned that the District Court's instruction was improper because it invited the jury to deny the plaintiff a verdict in his favor in order to prevent a windfall in the form of attorney's fees. Id. Defendants' proposed instruction takes Brooks a step further by specifically foreclosing any consideration of attorney's fees by the jury.

As a result, this instruction is commonly used to circumscribe the permissible scope of a plaintiff's damages. See, Eleventh Circuit Pattern Jury Instructions (Civil Cases), Supplemental Damages Instruction No. 6.1 (2005); Third Circuit Model Civil Jury Instruction No. 4.8.1 (2010); O'Malley, 3 Fed. Jury Practice & Instr. § 128.100 (5th Ed.). This instruction is identical to the Eleventh Circuit's Pattern Jury Instruction and O'Malley's.


TO BE GIVEN_____

REFUSED_____

GIVEN AS MODIFIED_____

AGREED UPON_____

1

# DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 2

2

3      Damages may not be awarded based upon the abstract value or importance

4   of constitutional rights.  Damages may only be awarded to compensate for an

5   actual injury to the plaintiff.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
PROPOSED JURY INSTRUCTIONS TO WHICH PLAINTIFF OBJECTS

1

## AUTHORITY FOR DEFENDANTS' PROPOSED INSTRUCTION NO. 2

2

3    In Memphis Community School District v. Stachura, 477 U.S. 299 (1986),

4    the Supreme Court considered whether a jury could award compensatory

5    damages for the abstract value or importance of a substantive constitutional right,

6    independent of any injury to the plaintiff. Id. at 300. The Supreme Court held

7    that "the abstract value of a constitutional right may not form the basis for [42

8    U.S.C.] § 1983 damages. Id. at 308. The Supreme Court held there was "no

9    room for noncompensatory damages measured by the jury's perception of the

10   abstract 'importance' of a constitutional right." Id. at 310.

11   Accordingly, this instruction is a correct statement of the law that is not

12   misleading. Furthermore, it is not duplicative of any other damages instruction,

13   such as Ninth Circuit Model Civil Jury Instruction 5.2, because that instruction

14   lists permissible factors to consider to determine damages, whereas this

15   instruction states an impermissible factor to consider.

16

17

18

19

20

21

22

23

24   TO BE GIVEN _____

25   REFUSED _____

26   GIVEN AS MODIFIED _____

27   AGREED UPON _____

28

1

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 3

2

3     In order to find an individual defendant liable for violating the plaintiff's

4 constitutional rights, the defendant must have intentionally deprived the plaintiff

5 of those rights.  If you find that an individual defendant was only negligent in his

6 actions toward the plaintiff, you may not find that he deprived the plaintiff of his

7 constitutional rights.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
PROPOSED JURY INSTRUCTIONS TO WHICH PLAINTIFF OBJECTS

**AUTHORITY FOR DEFENDANTS' PROPOSED INSTRUCTION NO. 3**

This instruction correctly states that there is liability under 42 U.S.C. § 1983 only for intentional conduct.  Daniels v. Williams, 474 U.S. 327, 333 (1986).  With regard to claims under 42 U.S.C. § 1983 for violations of the Fourth Amendment, the Ninth Circuit in Billington v. Smith, 292 F.3d 1177 (9th Cir. 2002), held that "[t]he Fourth Amendment's 'reasonableness' standard is not the same as the standard of 'reasonable care' under tort law, and negligent acts do not incur constitutional liability.  An officer may fail to exercise 'reasonable care' as matter of tort law yet still be a constitutionally 'reasonable' officer."  Id. at 1900.  Accordingly, this instruction is a correct statement of the law relevant to Plaintiff's sole remaining claim of unreasonable seizure by means of excessive force, under the Fourth Amendment.  See also, Dodd v. City of Norwich, 827 F.2d 1, 7-8 (2d Cir. 1987) ("The fourth amendment, however, only protects individuals against 'unreasonable' seizures, not seizures conducted in a 'negligent' manner.").

TO BE GIVEN _____

REFUSED _____

GIVEN AS MODIFIED _____

AGREED UPON _____

1

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4

2

3        In this case, it has been determined that the plaintiff was lawfully arrested

4    and searched and that his vehicle was lawfully searched.  Therefore, you may not

5    find any defendant liable for any of these acts.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   **AUTHORITY FOR DEFENDANTS' PROPOSED INSTRUCTION NO. 4**

2

3       This Court's order partially granting the individual Defendants' Motion for

4   Summary Judgment held that Plaintiff's claims of unreasonable search was barred

5   by Heck v. Humphrey, 512 U.S. 477 (1994), and that Plaintiff's claim of false

6   arrest was barred as a matter of law because there was probable cause to arrest.

7   ORDER [1] GRANTING IN PART AND DENYING IN PART INDIVIDUAL

8   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; and [2]

9   GRANTING COUNTY'S MOTION FOR SUMMARY JUDGMENT.  Dated

10  August 18, 2010, pages 8:18-20; 12:9-10; 14:8-9; 16:8-9; 19:11-12; 20:9-10, 14-

11  16; 22:12-13; 22:26-27; 23:4.  Accordingly, this instruction correctly states the

12  law as it applies to this case.

13      The events leading up to the use of force at the scene of Plaintiff's arrest

14  necessarily includes a search of Plaintiff's person, a search of Plaintiff's vehicle,

15  and the arrest of Plaintiff.  Therefore, this instruction is necessary to ensure that

16  the jury does not weigh the propriety of the searches or arrest in determining

17  whether the use of force against Plaintiff was reasonable.

18

19

20

21

22

23

24  TO BE GIVEN _____

25  REFUSED _____

26  GIVEN AS MODIFIED _____

27  AGREED UPON _____

28

DEFENDANTS' POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
PROPOSED JURY INSTRUCTIONS TO WHICH PLAINTIFF OBJECTS

1

2

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 5

3      In general, a seizure of a person is unreasonable under the Fourth

4  Amendment if a police officer uses excessive force. Thus, in order to prove an

5  unreasonable seizure in this case for use of excessive force during his arrest, the

6  plaintiff must prove by a preponderance of the evidence that the officer[s] used

7  excessive force when they arrested him.

8      Under the Fourth Amendment, a police officer may only use such force as

9  is "objectively reasonable" under all of the circumstances. In other words, you

10  must judge the reasonableness of a particular use of force from the perspective of

11  a reasonable officer on the scene and not with the 20/20 vision of hindsight.

12      In determining whether the officers used excessive force in this case,

13  consider all of the circumstances known to the officers on the scene, including:

14      1. The severity of the crime or other circumstances to which the officers

15  were responding;

16      2. Whether the plaintiff posed an immediate threat to the safety of the

17  officers or to others;

18      3. Whether the plaintiff was actively resisting arrest or attempting to evade

19  arrest by flight;

20      4. The amount of time and any changing circumstances during which the

21  officer had to determine the type and amount of force that appeared to be

22  necessary;

23      5. The type and amount of force used;

24      6. The availability of alternative methods to take the plaintiff into custody

25  or to subdue the plaintiff;

26      7. Other factors particular to the case.

27

28

1

**AUTHORITY FOR DEFENDANTS' PROPOSED INSTRUCTION NO. 5**

2

3        Ninth Circuit Manual of Model Civil Jury Instruction No. 9.22 includes

4    factors relevant to use of force at the scene of an arrest, but does not include

5    factors relevant to use of force in jail.  Ninth Circuit Manual of Model Civil Jury

6    Instruction No. 9.27 (2007) recognizes that a different instruction, or a modified

7    version of Model Instruction 9.22, should be given where a claim of excessive

8    force involves a pretrial detainee.  As a result, Defendants have proposed a

9    separate Proposed Instruction No. 6 to address the claim of excessive force within

10   the jail.  Defendants have taken this instruction from the Ninth Circuit Manual of

11   Model Civil Jury Instruction No. 9.22 (2007) and placed it solely within the

12   context of the scene of the arrest.

13

14

15

16

17

18

19

20

21

22

23

24

25   TO BE GIVEN _____

26   REFUSED _____

27   GIVEN AS MODIFIED _____

28   AGREED UPON _____

1

2

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 6

3

4

5

6

Under the Fourth Amendment, a person has the right to be free from the use of excessive force.  In order to prove a defendant deprived the plaintiff of this Fourth Amendment right at the Orange County Jail, the plaintiff must prove the following elements by a preponderance of the evidence:

7

8

*First*, the defendant used excessive force against the plaintiff, and

9

10

11

*Second*, the use of such force was excessive because it was not reasonably necessary to restore order, maintain discipline or protect the deputies, other inmates or the plaintiff, and

12

*Third*, as a direct result, the plaintiff was damaged, and

13

*Fourth*, the defendant was acting under color of state law.

14

15

16

17

18

19

20

21

22

In determining whether the force was excessive, you must consider such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of the injury inflicted, and whether it was used for punishment or instead to achieve a legitimate purpose such as maintaining order or security within the Orange County Jail and whether a reasonable officer on the scene would have used such force under similar circumstances.  You should also consider the fact that deputies working in a jail must act quickly and decisively to guard staff, other inmates, and themselves against an inmate's own violent or abusive actions.

23

24

25

26

27

28

# AUTHORITY FOR DEFENDANTS' PROPOSED INSTRUCTION NO. 6

As the Supreme Court noted in <u>Graham v. Connor</u>, 490 U.S. 386 (1989), analysis of a claim of excessive force "requires careful attention to the facts and circumstances of each particular case...." <u>Id.</u> at 396.  Plaintiff has essentially alleged two "particular case[s]" of excessive force – first at the scene of the arrest, and second at the jail.  Accordingly, the instructions should reflect "careful attention to the facts and circumstances" that are relevant to the use of force at the scene of the arrest as opposed to the use of force at the jail.

The Ninth Circuit Manual of Model Civil Jury Instructions No. 9.27 recognizes that there is no model instruction regarding a detainee's claim of excessive force within a jail, because the status of a post-arrest detainee is uncertain within the Ninth Circuit.  Fortunately, the Eighth Circuit in <u>Andrews v. Neer</u>, 253 F.3d 1052, 1061-62 fn. 7 and fn. 8 (8th Cir. 2000), has considered the issue, and held that the Eighth Circuit Manual of Model Civil Jury Instructions No. 4.20 appropriately states a correct instruction for a detainee's claim of excessive force.  This instruction is adapted from <u>Andrews</u>.

This instruction is more accurate and less misleading than simply using Ninth Circuit Manual of Model Civil Jury Instructions No. 9.22 because it does not lump the use of force at the scene of the arrest with the use of force inside the jail.  Indeed, the model instruction confusingly refers to "the severity of the crime to which the officers were responding" and "whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight," which have no application to the circumstances surrounding the use of force at the jail.

TO BE GIVEN _____

REFUSED _____

GIVEN AS MODIFIED _____

AGREED UPON _____

1

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 7

2

3          Police officers are not required to employ the least intrusive or least

4    injurious degree of force necessary to effectuate an arrest.  Rather, they are only

5    required to act within a range of conduct identified as "reasonable."  However,

6    they should consider the availability of less intrusive methods of effecting the

7    arrest, if appropriate, and that factor may be considered in deciding whether the

8    force used was reasonable.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# AUTHORITY FOR DEFENDANTS' PROPOSED INSTRUCTION NO. 7

The Ninth Circuit has held that "[p]olice officers... are not required to use the least intrusive degree of force possible. Rather... the inquiry is whether the force that was used to effect a particular seizure was reasonable, viewing the facts from the perspective of a reasonable officer on the scene. [Citation.] Whether officers hypothetically could have used less painful, less injurious, or more effective force in executing an arrest is simply not the issue. Forrester v. City of San Diego, 25 F.3d 804, 807-808 (9th Cir. 1994). "[T]he appropriate inquiry is whether the officers acted reasonably, not whether they had less intrusive alternatives available to them." Scott v. Henrich, 39 F.3d 912, 915 (9th Cir. 1994). That being said, "[i]n some cases... the availability of alternative methods of capturing or subduing a suspect may be a factor to consider." Chew v. Gates, 27 F.3d 1432, 1441 fn. 5 (9th Cir. 1994).

With that in mind, although it may be permissible for Plaintiff to discuss available force alternatives, it is important for the jury not to be misled into believing that the mere existence of available force alternatives renders the Defendants' use of force in this case unreasonable. The danger of jury confusion is high considering the fact that Plaintiff is likely to argue that the Defendants should have resorted to alternative methods of arresting and/or subduing Plaintiff throughout the incidents in question.

Permitting the jury to require a least intrusive or injurious force alternative would violate the Supreme Court's charge that excessive force not be determined "with the 20/20 vision of hindsight" and that "[n]ot every push or shove, even if it may later seem unnecessary" constitutes excessive force. Graham v. Connor, 490 U.S. 386, 396 (1989). See also, Schulz v. Long, 44 F.3d 643 (8th Cir. 1995) ("The Constitution...requires only that the seizure be objectively reasonable, not that the officers pursue the most prudent course of conduct as judged by 20/20 hindsight

1  vision."); <u>Plakas v. Drinski</u>, 19 F.3d 1143, 1149-50 (7th Cir. 1994) ("The Fourth

2  Amendment does not require officers to use the least intrusive or even less

3  intrusive alternatives....  We do not believe the Fourth Amendment requires the

4  use of the least or even a [lesser force] alternative so long as the use of...force is

5  reasonable under [the Fourth Amendment].").

24  TO BE GIVEN _____

25  REFUSED _____

26  GIVEN AS MODIFIED _____

27  AGREED UPON _____

28

DEFENDANTS' POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
PROPOSED JURY INSTRUCTIONS TO WHICH PLAINTIFF OBJECTS

1

## DEFENDANTS' PROPOSED INSTRUCTION NO. 8

2

3      In this action, the plaintiff is neither seeking, nor may you award, damages

4  for any emotional distress the plaintiff may have suffered.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
PROPOSED JURY INSTRUCTIONS TO WHICH PLAINTIFF OBJECTS

1

## **AUTHORITY FOR DEFENDANTS' PROPOSED INSTRUCTION NO. 8**

2

3          Plaintiff has decided to abandon any claim for emotional distress damages.

4    However, the video footage of the incidents at the scene of the arrest and at the

5    jail show Plaintiff becoming emotionally unstable and admittedly suicidal.  Ninth

6    Circuit Manual of Model Jury Instructions No. 5.2 does not define "injuries", and

7    does not define "necessary medical care, treatment, and services."  As a result,

8    there is a real danger that the jury may include emotional distress within the

9    "injuries" as stated in the model instruction, and of including psychiatric care,

10   treatment, and services as medically related.  Therefore, this instruction clarifies

11   that emotional distress is not a compensable basis for Plaintiff's damages.

12

13

14

15

16

17

18

19

20

21

22

23

24   TO BE GIVEN _____

25   REFUSED _____

26   GIVEN AS MODIFIED _____

27   AGREED UPON _____

28

DEFENDANTS' POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
PROPOSED JURY INSTRUCTIONS TO WHICH PLAINTIFF OBJECTS

1

## DEFENDANTS' PROPOSED INSTRUCTION NO. 9

2

3      It is a crime for any person to willfully resist, delay, or obstruct a peace

4  officer in the discharge or attempt to discharge his duties.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
PROPOSED JURY INSTRUCTIONS TO WHICH PLAINTIFF OBJECTS

1    **AUTHORITY FOR DEFENDANTS' PROPOSED INSTRUCTION NO. 9**

2

3          Ninth Circuit Manual of Model Jury Instructions No. 9.22 includes as a

4    factor for determining the reasonableness of a use of force, the "severity of the

5    crime...." See also, Graham v. Connor, 490 U.S. 386, 396 (1989).  In this case,

6    with regard to the use of force at the scene of the arrest, Plaintiff was already

7    under arrest upon probable cause that he was in violation of a protective order in a

8    pending criminal case.  However, Defendants contend that immediately before

9    they used force against Plaintiff, Plaintiff physically resisted their efforts to keep

10   him under control and to search him.  Indeed, in addition to being booked for a

11   violation of a protective order, Plaintiff was eventually also booked for violating

12   Penal Code § 148(a)(1).  Accordingly, as an objective circumstance surrounding

13   the use of force at the scene of arrest, the elements of California Penal Code §

14   148(a)(1) are relevant to the reasonableness of the Defendants' use of force.

15

16

17

18

19

20

21

22

23

24

25   TO BE GIVEN _____

26   REFUSED _____

27   GIVEN AS MODIFIED _____

28   AGREED UPON _____

# PROOF OF SERVICE

STATE OF CALIFORNIA; COUNTY OF ORANGE

     I, Debbie Pryor, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 1600 North Broadway, Suite 1010, Santa Ana, CA 92706.

     On June 8, 2011, I electronically filed the foregoing **DEFENDANTS' POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' PROPOSED JURY INSTRUCTIONS TO WHICH PLAINTIFF OBJECTS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

1.    Christopher B. Mears, Esq.    cmearsapc@aol.com
2.    Carol E. Lavacot, Esq.    law@lavacot.com

___    BY MAIL:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Santa Ana, California, in the ordinary course of business.

___    BY FEDERAL EXPRESS
    I caused such envelope to be delivered via Federal Express to the offices of the address(es) listed above.

___    BY PERSONAL SERVICE

    ___    I hand delivered such envelope by hand to the addressee(s) listed above.

_X_    (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 8, 2011 at Santa Ana, California

*Debbie Pryor*
Debbie Pryor, Declarant