

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUL - 1 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA RASHID RADWAN,<br><br>                    Plaintiff,<br>vs.<br><br>MATTHEW PRINCE, MARK<br>HERGESHEIMER, MICHAEL PADILLA,<br>MANUEL GARCIA, CYRIL FOSTER,<br>DAVID HERNANDEZ, and DOES 1<br>through 10, inclusive,<br><br>                    Defendants. | Case No. SACV 08-786 AG(ANx)<br><br>JURY INSTRUCTIONS |

## COURT INSTRUCTION NO. _____

### 1.1A DUTY OF JURY

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**COURT INSTRUCTION NO. _____**

**<u>1.2 CLAIMS AND DEFENSES</u>**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff claims that:

1)      the defendants violated his rights under the Fourth Amendment to the United States Constitution to be free from the use of unreasonable force upon his person;

The plaintiff has the burden of proving this claim.

**COURT INSTRUCTION NO. _____**

## 1.3 BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense, is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

COURT INSTRUCTION NO. _____

**<u>1.5 TWO OR MORE PARTIES - DIFFERENT LEGAL RIGHTS</u>**

You should decide the case as to each defendant separately.  Unless otherwise stated, the instructions apply to all parties.

**COURT INSTRUCTION NO. _____**

**<u>1.6 WHAT IS EVIDENCE</u>**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

**COURT INSTRUCTION NO. _____**

### 1.7 WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you.

(1) Arguments and statement by lawyers are not evidence. The lawyers are not witnesses. What they say/have said in their opening statements, and said/will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give or have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**COURT INSTRUCTION NO. _____**

**1.8 EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you

must consider it only for that limited purpose and for no other.

**COURT INSTRUCTION NO. _____**

**<u>1.9 DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**COURT INSTRUCTION NO. _____**

**<u>1.10 RULING ON OBJECTIONS</u>**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**COURT INSTRUCTION NO. _____**

### 1.12 CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails. Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the court staff to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

**COURT INSTRUCTION NO. _____**

## <u>1.14 TAKING NOTES</u>

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you.  When you leave, your notes should be left in the courtroom.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**COURT INSTRUCTION NO. _____**

## 1.8 BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**COURT INSTRUCTION NO. _____**

## <u>1.19 OUTLINE OF TRIAL</u>

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present the evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**COURT INSTRUCTION NO. _____**

### 1.11 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**COURT INSTRUCTION NO. _____**

**<u>1.13 NO TRANSCRIPT AVAILABLE TO JURY</u>**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.

**COURT INSTRUCTION NO. _____**

**2.2 STIPULATIONS OF FACT**

The parties have agreed to certain facts.   You should therefore treat these facts as having

been proved.

**COURT INSTRUCTION NO. _____**

## 2.4 DEPOSITION TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

**COURT INSTRUCTION NO. _____**

**<u>2.11 EXPERT OPINION</u>**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for these opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

COURT INSTRUCTION NO. _____

## 2.14 EVIDENCE IN ELECTRONIC FORMAT

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer. You will also be provided with a paper list of all exhibits received in evidence. If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the court staff, signed by your foreperson or by one or more members of the jury. Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the court staff present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to make sure that the computer does not permit access to the Internet or to any "outside" website, database, dictionary, game, or other material. Do not

attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform me immediately and refrain from viewing such material.  Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

**COURT INSTRUCTION NO. _____.**

**9.1 SECTION 1983 CLAIM - INTRODUCTORY INSTRUCTION**

The plaintiff brings his federal claims under the federal statute, 42 U.S.C. §1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**COURT INSTRUCTION NO. _____**

**<u>9.8 CAUSATION</u>**

In order to establish that the acts of the defendants deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions, the plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

1

## COURT INSTRUCTION NO. __

2

3    You may not base the liability of one defendant upon the conduct of other

4    defendants.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT INSTRUCTION NO. _____

## 9.2-SECTION 1983 CLAIM-ELEMENTS AND BURDEN OF PROOF

In order to prevail on his §1983 claim against the defendants, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the defendants acted under color of law; and

2. the acts of the defendants deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. I instruct you that the defendants acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instruction 9.22, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

COURT INSTRUCTION NO. _____

## 9.22-PARTICULAR RIGHTS - FOURTH AMENDMENT -

### EXCESSIVE FORCE

As previously explained, the plaintiff has the burden to prove that the acts of the defendants deprived the plaintiff of particular rights under the United States Constitution. In this case, the plaintiff alleges the defendants deprived him of his rights under the Fourth Amendment to the Constitution when they used unreasonable force upon him.

In general, it is unreasonable under the Fourth Amendment for an officer to use excessive force. Thus, in order to prove his claim, the plaintiff must prove by a preponderance of the evidence that the defendants used excessive force upon the plaintiff at the school driveway area in Laguna Niguel and/or at the Orange County Jail.

Under the Fourth Amendment to the United States Constitution, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the defendant officers used excessive force in this case, consider all of the circumstances known to the officers on the scene and at the jail, including:

1. The severity of the crime or other circumstances to which the defendant officers were responding;

2. Whether the plaintiff posed an immediate threat to the safety of the defendant officers or to others;

3. Whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

4. The amount of time and any changing circumstances during which the defendant officers

had to determine the type and amount of force that appeared to be necessary;

     5.  The type and amount of force used;

     6.  The availability of alternative methods to subdue the plaintiff;

     7.  Other factors particular to the case.

1

**COURT INSTRUCTION NO. __**

2        It is a crime for any person to willfully resist, delay, or obstruct a peace

3   officer in the discharge or attempt to discharge his duties.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT INSTRUCTION NO. _____**


  Merely arguing or protesting with an officer or criticizing an officer while he is performing his duty does not necessarily amount to obstructing an officer in the performance of his duty.

1

## COURT INSTRUCTION NO. __

2      Police officers are not required to employ the least intrusive or least injurious

3  degree of force necessary to effectuate an arrest.  They are required to act within a

4  range of conduct identified as "reasonable."  However, they should consider the

5  availability of less intrusive methods of effecting the arrest, if appropriate, and that

6  factor may be considered in deciding whether the force used was reasonable.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT INSTRUCTION NO. _____**

**<u>5.1 DAMAGES - PROOF</u>**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on any of his claims, you must determine the plaintiff's damages for any such claim. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any physical injury you find was caused by the defendant.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

In determining the amount of damages, you should consider the following:

**COURT INSTRUCTION NO. _____**

**5.2 MEASURES OF TYPES OF DAMAGES**

The nature and extent of the physical injuries;

The reasonable value of necessary medical care, treatment, and services received to the present time;

The reasonable value of necessary medical care, treatment, and services which with reasonable probability will be required in the future;

**COURT INSTRUCTION NO. _____**


You are instructed that the Plaintiff is not alleging, nor is he seeking damages for, false arrest in this case, and that issue is not before you.  The only issue for your determination is whether the Defendants used excessive force.

**COURT INSTRUCTION NO. _____**

**<u>5.6 NOMINAL DAMAGES</u>**

The law which applies to the plaintiff's federal law claims authorizes an award of nominal damages.  If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

**COURT INSTRUCTION NO. _____**

## 3.1 DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**COURT INSTRUCTION NO. _____**

**3.2 COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court staff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone - including me - how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**COURT INSTRUCTION NO. _____**

**<u>3.3 RETURN OF VERDICT</u>**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.